LEONARDO GUERRA V. THE STATE.

No. 22409. Delivered February 3, 1943.

The opinion states the case.

*Charles Owen* and *George Rodriguez,* both of El Paso, for appellant.

*Roy D. Jackson,* District Attorney, *Gill L. Newsom,* Assistant District Attorney, both of El Paso, and *Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

The offense is assault with intent to murder with malice. The punishment assessed is confinement in the State penitentiary for a term of ten years.

Appellant challenges the sufficiency of the evidence to sustain his conviction for the offense of assault with intent to murder with malice.

The record before us reflects that appellant, at the time of the commission of the offense, was twenty-one years of age and that the injured girl was seventeen years old; that they had been going together for approximately four years and had become infatuated with each other; that several months prior to

the alleged offense he had slapped her, and that her father objected to her going with the appellant or keeping company with him, but notwithstanding his objections they would meet at the home of her sister-in-law. It seems that from a time that he had slapped her and up to the date of the commission of the offense, she would not meet him very often and was endeavoring to cease her relations with him. On the night in question, there was an entertainment at a church, which the injured girl and a lady friend attended. Appellant came there and they saw each other at a distance but did not speak. When she started home, accompanied by a fifteen year old boy friend, appellant followed her, overtook her and grasped her hand and told the boy to go away as he wanted to talk to her. The boy complied with his request. She jerked loose from his grasp and ran. He pursued her, knocked her down and then stabbed her seventeen times with an ice pick. Two of the stab wounds were in the chest. One was just above the heart and penetrated the lung, causing it to collapse.

The father of the injured girl testified that as soon as he learned that his daughter had been stabbed, he went to see the appellant and asked him: "Are you still bothering my daughter?" and he replied: "This time I tried to kill her."

Appellant took the witness stand and testified that he and the girl were sweethearts; that they were engaged to be married, and that on the night in question he had a date with her to meet him at the church entertainment but that she failed to keep her promise. However, he saw her at a distance, and when she and the young boy left the church yard he followed her, grabbed her wrist and said: "I want to talk to you," and told her escort that he had better go away; that from that time he did not remember anything that occurred until he was in the police car and was being taken to the police station; that he was not "falling drunk" but highly intoxicated, as he had imbibed rather freely of beer and wine during the day and evening; that he did not remember having an ice pick or where he obtained it; that he was not angry and did not intend to kill her.

We think the foregoing facts are sufficient upon which the jury could properly predicate a verdict finding appellant guilty of an assault with intent to murder with malice. While the attending physician did not in an affirmative way state that the wound in the chest was a serious wound, yet he described the wound, the size, depth, the tissues it severed and the result to the lung, which clearly demonstrated the seriousness thereof.

By bills of exceptions Nos. 1 and 3 appellant complains of the action of the trial court in failing to instruct the jury on the law of assault with intent to murder without malice, and in declining to give the appellant's instruction on the subject. If the evidence had raised the issue of assault with intent to murder without malice, appellant would have been entitled to a proper instruction thereon and the court no doubt would have charged the jury relative thereto, but, in our opinion, the evidence does not raise the issue.

By bill of exceptions No. 2 appellant complains because the trial court overruled his objections to the court's charge upon the ground that it failed to require the jury to find and believe from the evidence, beyond a reasonable doubt, that the defendant, at the time of the assault, had a definite and specific intent to kill the prosecuting witness. We find that the court, in paragraph 8 of his charge, instructed the jury as follows:

"If you believe from the evidence beyond a reasonable doubt, that, at the time and place mentioned in the indictment, this defendant, with intent to kill, struck and stabbed Maria Hernàndez with an ice pick voluntarily, find him guilty of assault with intent to murder with malice aforethought and assess his punishment at confinement in the penitentiary for a term of not less than two nor more than fifteen years. If you do not so believe you will acquit the defendant, unless you find him guilty of aggravated assault and battery."

While this charge may not be accurate in every respect, yet it did instruct the jury that they had to believe from the evidence, beyond a reasonable doubt, that the defendant, with intent to kill, struck and stabbed Maria Hernandez with an ice pick, and that unless they so believed, they should acquit him of the offense of an assault with intent to murder with malice and determine whether or not he was guilty of an aggravated assault and battery. Thus, it will be noted that the specific objection addressed to the charge is without merit.

By bill of exceptions No. 4 appellant complains of the closing argument of the district attorney in which he made the following remarks:

"The conclusion reached by Mr. Rodriguez was not accurate because a number of requirements had to be met before a statement made by one accused after his arrest could be introduced by the State."

It appears from the bill that Mr. Rodriguez, counsel for the defendant, in his argument to the jury, stated that the defendant

had made a statement at the police station and that such statement was available to the State, and that if the statement there made was in any way contradictory of the defendant's testimony on the trial, the State would have offered it in evidence to impeach the defendant. It further appears from the record that there was some evidence offered that appellant had made a statement to the officers but it was not offered in evidence, nor did the defendant or his counsel call for it. We think that the argument complained of was invited by counsel for appellant. Hence he cannot complain thereof. See Branch's Ann. Tex. P. C., p. 205, Sec. 363; also Nix v. State, 136 Tex. Cr. R. 240.

Finding no error in the record justifying a reversal of the conviction, the judgment of the trial court is affirmed.