Charles Edward **HAWKINS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 41056.

Court of Criminal Appeals of Texas.

Feb. 14, 1968.

Rehearing Denied March 27, 1968.

Will Gray, Houston (On Appeal Only), for appellant.

Carol S. Vance, Dist. Atty., Houston, James C. Brough and Allen Stilley, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The conviction is for robbery by assault with a prior conviction for burglary, an offense of like character and of the same nature, alleged for enhancement; and the punishment was assessed at life.

While testifying for the state, Macy Carpenter, the owner of a grocery store, and a customer, positively identified the appellant as the person who exhibited a pistol and caused Carpenter to deliver to him over $100 in money; and that the appellant put Carpenter in fear of his life and bodily injury and took the money without his consent.

Proof of the prior conviction for burglary with the intent to commit theft was introduced and the appellant was identified as the person so convicted.

The appellant did not testify, but offered the testimony of several witnesses showing an alibi.

The first ground urged as error in appellant's brief is that he "was denied a fair trial by an impartial jury contrary to the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States, where the Bailiff who had custody of the jury was permitted to testify, over Appellant's objection, to an escape attempt made by the Appellant at a prior trial setting of the case."

To support his position, the appellant called R. L. Holden as a witness. In the absence of the jury, Holden testified that on the morning of November 8, 1965, he was assigned as bailiff to the court which began trying this case that morning; that between 12:30 and 1:30 p. m., he took the jury to lunch which was about one block from the courthouse, and that he sat alone at a different table; that he never knew any of the jurors before the day of the trial, and he never talked with the jury except when they asked to buy some cigarettes.

When the appellant objected to Holden testifying as a witness to appellant's attack on him in an attempt to escape, on September 21, 1965, the court dismissed Holden as bailiff and appointed another bailiff to serve.

Also, in the absence of the jury, Allen Stilley, assistant district attorney, testified that this was his first trial in this court, since he had been assigned to it; that he had heard of appellant's attack on Holden and had intended to prove his attempt to escape by the attack; that Holden had acted as bailiff after the jury was impanelled in the morning and during the examination of one witness before court adjourned for lunch.

Appellant objected to Holden's testimony on the ground that this is a trial de novo, and that Holden's testimony is immaterial and highly prejudicial to the rights of the appellant before the jury.

Holden, age 63, testified before the jury, that he had nothing to do with the investigation of this case, and that his duties were the handling of defendants, jurors, and witnesses; that he was the bailiff and had charge of the appellant when his case was called for trial on September 21, 1965; that the judge directed him to take the appellant into his chambers to talk over the telephone which he did; that when the appellant had finished he (Holden) opened the door, and the appellant grabbed him and tried to lock him in the cell, but with the aid of a prisoner they restrained the appellant.

■ The nature and extent of the contact and association of the bailiff with the jury as shown by the evidence and his testimony does not reveal such association and communication with them as calls for a reversal.[1] Jackson v. State, Tex.Cr.App.,

1. Notice of appeal in the instant case was given prior to the effective date of the 1965 Code of Criminal Procedure. There-fore, the provisions of Art. 36.24, Vernon's Ann.C.C.P., are not applicable to this case.

403 S.W.2d 145, certiorari denied 385 U.S. 938, 87 S.Ct. 301, 17 L.Ed.2d 217; Bowles v. State of Texas, 5 Cir., 366 F.2d 734 (1966); Crawford v. Beto, 5 Cir., 385 F.2d 156 (1967).

It is insisted that error was committed on the ground that the trial court failed to limit the purpose for which the state's evidence of appellant's purported attempt to escape was admitted.

The appellant concedes that Holden's testimony of the attempt to escape was admissible on the issue of guilt. Cawley v. State, Tex.Cr.App., 310 S.W.2d 340; Hutchins v. State, Tex.Cr.App., 360 S.W.2d 534.

But, the error he urges is that the court in failing to limit the jury's consideration of such evidence resulted in a fundamental denial of substantive and procedural due process of law.

■■■ Assuming without deciding that a limiting charge would have been appropriate, in the absence of any objection or a requested charge the contention is not properly before us for review. Further, the failure to so charge under the record presented did not deprive the appellant of due process.

■■■ Another ground of error presented is that the appellant was denied substantive and procedural due process of law when the state offered evidence that he committed anotehr robbery after the offense charged in this case.

From the record, it appears that the state's question on the examination of the witness Snead assumed a date subsequent to the robbery as the date of the offense charged. When Snead was asked by the appellant if the date could be an error he replied: "He asked me and I guess he knew." No objections were made at the time the testimony now complained of was adduced. No error is perceived.

The judgment is affirmed.