**Claude Eddie MORRIS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 42072.**

Court of Criminal Appeals of Texas.

May 21, 1969.

Sam R. Wilson, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Joe Maida, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Justice.

The offense is assault with intent to murder with malice; the punishment, 25 years.

Trial was before a jury on December 12, 1967. The plea was not guilty.

During the trial and after the state had rested, evidence was offered by the defense which, for the first time, raised the issue of present insanity and insanity at the time the offense was shown to have been committed.

No motion was filed or request made prior to the offer of such testimony that the court hear evidence on the issue of present insanity.

Consistent with the provisions of Art. 46.02 C.C.P., 1965, as amended by the 60th Legislature (Acts 1967, p. 1748) as subsequently construed by this court in Townsend v. State, Tex.Cr.App., 427 S.W.2d 55, and Morales v. State, Tex.Cr.App., 427 S.W.2d 51, and with the prior holdings of this court in Ramirez v. State, 92 Tex.Cr.R. 38, 241 S.W. 1020, and McGee v. State, 155 Tex.Cr.R. 639, 238 S.W.2d 707, evidence on the issues of insanity was admitted when offered and the issues were submitted to the jury and resolved by the jury.

Two grounds of error are set forth in appellant's brief.

■ Ground of error No. 1 complains that "allowing the same jury which heard the evidence concerning appellant's sanity to determine his guilt after finding him sane deprived appellant of due process of law, equal protection of the law, fundamental fairness and the effective assistance of counsel."

Morales v. State, supra, which appellant would have us overrule or modify, is authority for overruling appellant's ground of error No. 1. We reaffirm our holding in Morales v. State and Townsend v. State, supra.

■ Ground of error No. 2 complains that "the failure of the court to submit appellant's requested charge on assault with intent to murder without malice or any charge on assault with intent to murder without malice or any lesser included offense was clearly reversible error."

The state's evidence reflects the following:

The complainant was the ex-wife of appellant. She had been married to him for 32 years before she divorced him in 1963. She had not seen him for a month when, on February 7, 1967, she drove to the stationery store where she was employed. She had been told the appellant had said he was going to come down there and kill her, for which reason she did not travel her regular route in going to work that day.

As she was sitting at a table working, appellant entered the room, walked up behind her and stabbed or cut her twice with a knife that was described as capable of inflicting serious bodily injury. Both wounds were inflicted on the back of the complainant's neck, the second cutting the "leader".

Appellant raised his arm to cut her again, but the blow was deflected by Mr. Harris, the plant superintendent, grabbing his arm and complainant was cut on the face near her glasses.

Mr. Harris had a boy take the knife from appellant and it was later turned over to the police and was introduced in evidence.

Upon his arrival at the plant, a police officer took custody of appellant and began immediately to warn him of his constitutional rights. Appellant interrupted by volunteering the statement that he was trying to cut the complaining witness' head off, that she was too sorry to live.

Under the court's charge a guilty verdict required that the jury believe beyond a reasonable doubt that appellant, with malice aforethought, made the assault upon Thelma Morris with intent to kill her; that in doing so he was actuated by malice aforethought, and that the weapon used by appellant was a deadly weapon. The jury was instructed to find appellant not guilty unless they so believed beyond a reasonable doubt.

Appellant did not testify. His sole defense was insanity. This defense was submitted and rejected by the jury. The record reflects no evidence of justification, excuse or provocation.

The evidence reflects that appellant is of low intelligence or mentally retarded and has a history of alcoholism and a hot temper. Expert witnesses differed on the extent of his mental retardation and his sanity. The jury resolved the issues against appellant and found that he was not insane.

Assuming that the requested charge was sufficient to direct the court's attention to the omission of any charge on assault with intent to murder without malice (Art. 36.15 Vernon's Ann.C.C.P.) the evidence did not require an affirmative submission of such lesser included offense. Guerra v. State, 145 Tex.Cr.R. 339, 168 S.W.2d 247. (As to assault with intent to murder without malice being a separate offense, see Welcome v. State, Tex.Cr.App., 438 S.W.2d 99.)

The omission of a charge on aggravated assault was not complained of by objection to the charge or requested charge.

The judgment is affirmed.