**Charles Edward HARDIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 42725.

Court of Criminal Appeals of Texas.

April 8, 1970.

Brantley Pringle, Fort Worth, for appellant.

Frank Coffey, Dist. Atty., Truman Power, Ronald W. Quillin and Roger W. Crampton, Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

### OPINION

BELCHER, Judge.

The offense is robbery with firearms; the punishment, sixty years.

The first ground of error is that the trial court refused to disqualify himself because of his prejudice against the appellant.

Upon the call of this case for trial the judge asked if the appellant had anything to present in support of his motion to disqualify him to try the case. In reply the appellant personally stated, "Just the motion," and his counsel answered, "We desire just to urge the motion as such and ask the Court to rule on it." The court denied the motion. The allegations of the motion are not self-proving. In the absence of any evidence to support the motion it presents nothing for review. The first ground of error is overruled.

The appellant contends that the trial court erred in admitting into evidence a pistol and a jumper-wire over his objection that they were the fruits of an illegal search and seizure.

This contention arose as follows: In making out its case in chief the state intro-

duced the testimony of the cashier and two operators of check-out stands in the grocery store. They each identified the appellant as one of the robbers who by exhibiting a pistol put them in fear of their lives· and bodily injury during the time·he and his companion ordered them to put the money in sacks and deliver the sacks to them. Gayle Jackson was the only one of the three victims who identified the appellant's companion. While testifying at the trial, she identified Russell Chamberlain, who was brought into the courtroom, as appellant's companion and the man who held a pistol on her while she put the money on his orders in a sack and handed it to him.

When the manager of the store was told of the robbery, he saw the two robbers entering an automobile on the adjoining parking lot and pursued them in his car. The robbers abandoned the car in which they left the parking lot and fled in another car. The manager could not identify the two robbers. In searching the abandoned car, the officers found a jumper-wire which was identified and introduced in evidence at the trial.

After the introduction of the above evidence, the state rested its case in chief.

The appellant did not testify but called two officers and the cashier as witnesses. He sought to show by their evidence discrepancies and contradictions concerning the identification of the appellant in the lineup and at the time of the robbery. Their testimony revealed some differences in the attire at the lineup and the robbery, and also, as to which witnesses identified certain persons in the lineup.

In rejoinder the state offered the following testimony:

Russell Chamberlain was arrested about 10 p. m., April 25, 1968, and a motel room key was taken from his possession. The officers went to the motel, showed the room clerk a picture of the appellant, and told him there were outstanding warrants for appellant. The room clerk told them that Russell Chamberlain and the appellant had two rooms and the appellant was then in his room and pointed it out to them. About 12:30 a. m., April 26, 1968, the officers entered appellant's room with the key. At this time the officers had personal knowledge of an outstanding after indictment warrant for the appellant for murder. They also knew of outstanding DPS and FBI bulletins showing felony warrants for the appellant. With knowledge of these outstanding felony warrants they arrested the appellant, who alone, occupied the room. The officers found a loaded pistol under his pillow, a clip on the nightstand by the bed, and a jumper-wire in his left front trouser pocket.

In a supplemental brief filed in this Court the appellant also contends that the search went far beyond that of his person and the area from within which he might have obtained either a weapon or something that might have been used as evidence against him. Therefore, the scope of the search was "unreasonable" and the appellant's conviction cannot stand.

■ To support his position the appellant relies upon the search of an adjacent but disconnected motel room to the one occupied by him, and which was occupied by Calvin Chamberlain and his wife. According to the officers Calvin gave them consent to search his room. The record reveals that the two rooms belonged to appellant and Russell Chamberlain. In Calvin's room the officers found a .22 caliber pistol and a case of coins. These things were not shown to be inculpatory of anyone. The appellant relies upon Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685, to support his position.

The search of the room occupied by Calvin Chamberlain does not reveal any fact which would invalidate the conviction of the appellant. Chimel has no application to the conviction in this case. Also Chimel (June 23, 1969) has been held not to be retroactive. Lyon v. United States, 5 Cir., 416 F.2d 91.

■ It is concluded that the officers were authorized to enter the room occupied by the appellant and to arrest him and under the facts known to them at the time, they used reasonable means to effect it. Arts. 15.24 and 15.26, V.A.C.C.P. The search incident to his arrest and the seizure of the pistol and jumper-wire was legal.

The third ground of error is that the trial court denied his request to order the state to provide the appellant with a transcript of all the testimony of the witnesses pertaining to this case before the grand jury which returned the indictment.

■ No statute requires the testimony given before the grand jury to be recorded or preserved. There is no showing that the testimony requested was available. Bryant v. State, Tex.Cr.App., 423 S.W.2d 320; Acuff v. State, Tex.Cr.App., 433 S.W.2d 902. This ground is overruled.

The judgment is affirmed.