Earl Wayne SANDERS, Appellant,

v.

The STATE of Texas, Appellee.

No. 43134.

Court of Criminal Appeals of Texas.

Jan. 20, 1971.

Aultman & Riley by Randell C. Riley, Fort Worth (Court-appointed on appeal only), for appellant.

Frank Coffey, Dist. Atty., R. J. Adcock, John Brady, Truman Power and Roger W. Crampton, Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

The appeal is from a conviction for murder. The punishment was assessed by the jury at forty years. This is a companion case to Thames v. State, Tex.Cr.App., 453 S.W.2d 495.

The sufficiency of the evidence is challenged. The record reflects that Theo Ray Thames shot and killed Billy Guy Tolleson, the operator of the Starlight Club in Fort Worth. Two nights before, Thames, a co-

indictee, and appellant entered the club. When Thames was not allowed to play pool before his turn, a dispute arose. Thames produced a knife and appellant drew a pistol and challenged the other customers to a fight. Two nights later, Thames, Charles Hardin, another co-indictee, and appellant secured pistols and while they were leaving Hardin's house one of them stated: "I will kill him before he knows what happened."

The three men then went to the club and caused another disturbance. The record shows that Thames fired a .32 caliber pistol and that a .38 caliber weapon had been fired by Hardin in Tolleson's direction.

The facts are substantially the same as those in Thames v. State, supra, and will not be set out in full. The evidence shows that the three went to the club and were acting together and shows that appellant acted as a principal and is sufficient to support the conviction.

In his first three grounds of error, appellant complains that the trial court erred in admitting evidence of extraneous offenses committed by him in Waco, Texas, and in the states of Colorado and Louisiana.

Substantially the same contention was answered in the Thames case. There the Court held, "The fact that the circumstances of flight shows the commission of another crime does not render the evidence inadmissible," and, "In proving flight, it is also relevant to show efforts made to locate or apprehend the accused, his pursuit and capture, including his resistance to arrest when overtaken."

Appellant concedes that the State may prove extraneous offenses when elements of flight have been shown, but contends that this was not done.

The record reflects that immediately after the shooting, the three men returned to Hardin's house where they packed their belongings. While they were there a radio newscast announced that Tolleson was in

critical condition and one of the men said, "I hope he is dead." The three men with three women companions, then went to Waco, Texas, where they arrived between two and three A.M. Later that day, the three men brought in $10,000.00 from an unknown source which was divided between them.[1]

Outside the presence of the jury it was shown that appellant was arrested for the present offense some five days after the homicide. The State had no warrant, and appellant was released after a habeas corpus hearing. Appellant was questioned about the murder of Tolleson shortly after he was released on the writ of habeas corpus. Some three weeks later, after appellant was charged with the murder, a warrant was issued for his arrest. In the presence of the jury the State proved that some two weeks after an indictment had returned, appellant and Thames resisted arrest in Colorado, kidnapped two officers, took automobiles at gun point and took devious routes to get to the City of Denver to avoid detection.

It was also proved that appellant committed extraneous offenses including a robbery in Louisiana. When appellant and Thames were arrested in Louisiana, the officers found a .38 caliber pistol, the same caliber as one of the weapons fired during the homicide.

Appellant's argument that the elements of flight were not shown is mainly based on the fact that he was released on the writ of habeas corpus and therefore, he was not to be considered a suspect.

The fact that the judge released appellant after the hearing is not conclusive that appellant was not engaged in flight at a later date.

The trial court had before it sufficient evidence, including the testimony that appellant had been arrested, released, then questioned about the homicide before he went to Colorado, to conclude that appel-

1. See Sanders v. State, Tex.Cr.App., 458 S.W.2d 193.

lant was in flight. The court did not err in admitting the evidence of the extraneous offenses as a circumstance of flight. The first three grounds of error are overruled.

■ In the fourth and fifth grounds of error, complaint is made that the court erred in having the co-indictees Thames and Charles Edward Hardin brought into the courtroom by the bailiffs so that they could be identified as being at the club with appellant on the night of the homicide, because the State and the court knew that they would create a disturbance in the courtroom.

These grounds of error are not properly briefed by appellant under Article 40.09, Section 9, V.A.C.C.P. Even if they were properly presented for review, no error would be shown. The record does not show that anyone knew that the co-indictees would create a disturbance in the courtroom.

In Jones v. State, 171 Tex.Cr.R. 608, 352 S.W.2d 270, this Court held that it was not reversible error for the seventeen-year-old robbery companion of Jones to be brought in the courtroom for identification. See Phelps v. State, Tex.Cr.App., 462 S.W.2d 310. No error is shown.

The fourth and fifth grounds of error are overruled.

■ The sixth ground of error is as follows:

"The trial court committed reversible error in not giving a proper instruction to the Jury regarding numerous extraneous offenses admitted into evidence showing extraneous offenses committed in the State of Colorado, in Waco, Texas, and in the State of Louisiana."

Even if some sort of a limiting charge should have been given the jury, in the ab-sence of any objection or a requested charge the contention is not properly before us for review. See Hawkins v. State, Tex. Cr.App., 424 S.W.2d 907.

■ It is contended in the seventh ground of error that the court erred in not permitting appellant to prove at the time he made objections to the record that he was not fleeing from this offense.

The record does not show that appellant offered to testify during the trial. No offer of proof as provided for in Article 40.09, Section 6(d) (1), V.A.C.C.P., appears in the record. In his objection he contends that the court would not permit him "to bring various items of evidence into the record. * * *" The matters sought included a showing that no warrant had been issued for him when he left for Colorado and that he had been released upon a habeas corpus hearing. All of the things that appellant asked to be included were already in the record, either before the jury or before the court. No error in this respect is shown.

■ Appellant also contends that "[T]he court refused to allow him to prove into the record that he was not fleeing from the offense." If appellant wished to testify on this matter on the issue of guilt, he could have taken the witness stand during the trial. If his complaint is that the court did not permit him to testify at the hearing on his objections to the record, his request came too late. The hearing on the approval of the record is for the purpose of including in the record what transpired at the various stages of the trial. See Article 40.09, Section 7, V.A.C.C.P.

No error is shown.

The record contains no reversible error. The judgment is affirmed.