**James Leo ELLIOTT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44339.**

Court of Criminal Appeals of Texas.

Nov. 30, 1971.

Rehearing Denied Feb. 2, 1972.

----

W. W. Tupper, Luther D. Lynn, San Angelo, for appellant.

Royal Hart, Dist. Atty., San Angelo, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for murder. The punishment was assessed by the jury at twelve years.

The sufficiency of the evidence is not challenged.

The appellant contends that he was improperly denied the criminal record of, and was not permitted to prove the violent nature of, the deceased.

We affirm.

The record reflects that W. E. Williams, the deceased, had demanded of James Leo Elliott, the appellant, the payment of a debt. The two met in a bar and set together in a booth for five or ten minutes. Norma Harding, a waitress, stood by the booth and heard the discussion about the debt. She testified that the two men shook hands and "buried the hatchet," and that later Williams said, " 'I still say you owe me $280.00,' " and Elliott stated, " 'And you beat me up pretty bad two or three times too.' " She further testified that Elliott pulled his gun and asked Williams how he liked its looks. Williams replied, " 'I have seen you pull that before,' then Bang-bang and that was all."

Several of the people who were in the bar were called. They testified that they did not hear any loud talking or scuffling. One man testified that he heard the discussion. However, as is often the case in barroom killings, he testified he had gone to the restroom just before the shooting.

Several of these witnesses testified that there was bad blood between Elliott and Williams and that they had heard of fights between them.

Elliott testified that while they were in the bar Williams came to his table and said that he had called shortly before and told him that he wanted his money. The record on direct examination of Elliott shows the following:

"Q.   And what next happened?

"A.   So, he just kind of weaved around. I thought he was going, you know, jump on me. So I just pulled my gun out, see, like that.

"Q.   Did you say anything?

"A.   I told him, I said, 'You beat me up twice and this looks like the third time, but it isn't going to happen this time.'

"Q.   Did you actually feel he was coming for you?

"A.   Yes, Sir."

The court charged on self-defense.

█ The appellant contends that the court erred in overruling his motion to direct the prosecuting attorney to furnish for inspection, copying and photographing any and all prior and felony criminal records of the deceased.

There is no showing that the prosecuting attorney had a copy of a criminal

record of the deceased. In Hardin v. State, 453 S.W.2d 156, this Court held that error was not shown in refusing to permit an inspection of grand jury testimony when it was not shown that such testimony was transcribed.

No error is shown.

 Next, the appellant complains that the court would not permit him to prove by James Goolsby the violent nature of the deceased. Goolsby testified that in 1969 he saw Williams give Elliott a beating. Then the following appears in the record:

"Q. (Defense counsel) Had you ever seen Pete (the deceased) fighting before?

"A. Yes, sir. I guess one of the biggest fights I ever saw was when I was a kid working at the picture show on Concho, and had—"

An objection by the district attorney was sustained.

The appellant did not ask to retire the jury so the court could hear the proffered testimony.

Article 40.09, Section 6(d) (1), Vernon's Ann.C.C.P., provides:

"When the court refuses to admit offered testimony or other evidence, the party offering same shall as soon as practicable but before the court's charge is read to the jury be allowed, out of the presence of the jury, to adduce the excluded testimony or other evidence before the reporter, * * * The court, in its discretion, may allow an offer of proof in the form of a concise statement by the party offering the same of what the excluded evidence would show, to be made before the reporter out of the presence of the jury as an alternative method of causing the record to show such excluded testimony or other evidence, and in the event the record contains transcription of the reporter's notes showing such an offer of proof

the same shall be accepted on appeal as establishing what such excluded testimony or other evidence would have consisted of had it been admitted into evidence."

Absent a showing of what the excluded testimony would have been or an offer of proof in the form of a statement to the judge, provided as an alternate method in the statute, the matter is not properly before us for review. See Sanders v. State, Tex.Cr.App., 462 S.W.2d 3; Hoover v. State, Tex.Cr.App., 449 S.W.2d 60, and 5 Tex.Jur.2d, Appeal and Error, Section 209, page 354.

No error is shown. The judgment is affirmed.