**Billy Ray KILLINGSWORTH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44719.**

Court of Criminal Appeals of Texas.

April 12, 1972.

Rehearing Denied June 14, 1972.

Clayton E. Evans, Fort Worth, for appellant.

Frank Coffey, Dist. Atty., John Garrett Hill, Asst. Dist. Atty., Fort Worth, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

This is an appeal from a conviction of assault with intent to murder with malice, where punishment was assessed by the jury at fifteen years.

The record reflects that on April 6, 1970, in an apartment in Fort Worth, appellant shot one Willie Ray Chambers. After the shooting, an occupant of the apartment by the name of Mary Maxine Lester notified police. Upon arrival of the officers, they were admitted to the apartment by Miss Lester, who told them that appellant had a gun and they needed to be careful. The officers were directed to the dining area of the apartment, where Officer Meyer stated he observed appellant standing in front of the mirror in an adjoining bathroom. Upon Officer Meyer asking appellant to let him have his gun, appellant turned around and fired a shot which grazed the shoulder of Meyer. An exchange of gunfire ensued between appellant and the officers in which appellant was injured. The instant case arises out of the shooting of Officer Meyer by appellant.

■ Appellant contends that the court erred in failing to charge the jury on the issue of assault with intent to murder without malice.

The appellant did not testify and cites no cases in support of his position. Appellant urges that the sudden appearance of an officer who pointed a gun toward his back and demanded his pistol is a circumstance which placed appellant "under the influence of a sudden passion, arising from adequate causes as would commonly produce a degree of anger, rage, resentment or terror in a person of ordinary temper suffi-cient to render the mind incapable of cool reflection" and constituted facts which required the court to charge on assault with intent to murder without malice.

The officers were admitted to the apartment by Miss Lester. Officer Meyer, as well as all of the other officers present, were in uniform. It is undisputed that appellant had shot Chambers a short time prior to the officers' arrival. Officer Meyer testified when he entered the dining area of the apartment, he could see appellant in an adjoining bathroom looking into a mirror and, "I was standing back here and I said, 'Fellow, let's have your pistol.' A couple of seconds later he grinned or gritted his teeth and spun around and fired a shot at me." Meyer further testified that appellant fired three or four times. Under these circumstances, we find that the court was not in error in failing to charge the jury on assault with intent to murder without malice. See Morris v. State, Tex.Cr.App., 440 S.W.2d 855; Guerra v. State, 145 Tex.Cr.R. 339, 168 S.W.2d 247.

■ Appellant contends that the court erred in permitting the State to cross-examine a defense witness concerning a prior statement by such witness because no proper predicate was laid for impeachment.

Henry Lee Jefferson testified he was present in the apartment when the shootings occurred. On direct examination, Jefferson stated that no words were spoken between Chambers and appellant before the shooting of Chambers; immediately after the shooting, Chambers was taken to the hospital, persons remaining in the apartment were free to move around as they wished; appellant made no threats toward any of these people; someone came into the room with a gun before the shooting between appellant and the police began and that he did not notice that the police were wearing uniforms.

On cross-examination, Jefferson was shown an instrument marked State's "Exhibit No. 6", and in response to questions

regarding same testified that the signature on same was not his and that he had never read the instrument before. At this juncture, the record reflects the following occurred:

"MR. HAUSENFLUCK (Appellant's Attorney): Just a minute, Your Honor. We are going to object to further questions with reference to any statement that has not been shown to have been his. It would be an improper form of impeachment showing it was the statement he made.

"THE COURT: I will permit him to ask him if he made different statements other than he testified to, Counsel.

"MR. HAUSENFLUCK: You mean with reference to specific questions about statements?

"THE COURT: Yes, sir.

"MR. HAUSENFLUCK: All right."

Thereafter the State asked Jefferson several questions concerning whether he made various statements to anyone at the Fort Worth Police Department. The statements inquired about were in conflict with Jefferson's testimony on direct and Jefferson denied making any of them. No objections were made by appellant to any of these questions after the court ruled that counsel for the State would be permitted to ask the witness if he made different statements other than he testified to and counsel for appellant responded, "All right." In Blake v. State, Tex.Cr.App., 468 S.W.2d 400, 403, this Court said, "When interrogation along the same line continued, no further objection was offered. Under the circumstances, we perceive no error." See also Parsley v. State, Tex.Cr.App., 453 S.W.2d 475. In the instant case, no objections having been made to questions asked by the State, we have nothing before us for review.

 Appellant contends the court erred in not charging the jury to limit its consideration of the State's impeachment testimony to its effect on the credibility of the witness Henry Lee Jefferson. No objection was made to the court's charge for failure to so instruct nor was a special requested charge presented to the court. Therefore, nothing is presented for review. Art. 36.15, Vernon's Ann.C.C.P. See Garza v. State, Tex.Cr.App., 468 S.W.2d 440; Hill v. State, Tex.Cr.App., 466 S.W.2d 791; ·Hawkins v. State, Tex.Cr.App., 424 S.W.2d 907.

We have examined appellant's pro se briefs and find the contentions raised therein to be wholly without merit.

The judgment is affirmed.

Opinion approved by the Court.