**Robert BRYANT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44920.**

Court of Criminal Appeals of Texas.

June 7, 1972.

Rehearing Denied July 26, 1972.

Bradbury, Tippen & Cross, by Jim M. Cross, Abilene, for appellant.

Ed Payntor, Dist. Atty., and Lynn Ingalsbe, Asst. Dist. Atty., Abilene, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for assault with intent to murder with malice aforethought. Trial was held before a jury, which assessed punishment at confinement for five years.

In his brief, appellant raises only one ground of error. He contends that the court erred in failing to define murder without malice in the charge to the jury.

The evidence reflects that appellant shot the victim of the assault with a pistol while the victim was seated upon a pool table which was located in a cafe in the city of Abilene. The witnesses to the shooting testified that there was no altercation between appellant and the victim immediately prior to the occurrence, although there was evidence of a disagreement sometime in the past.

The appellant testified in his own behalf. He stated that he had a disagreement with the victim earlier in the evening, in another part of the cafe. He admitted shooting the victim, but stated that he did so believing that the victim was preparing to receive a gun from one of his (the victim's) friends. He testified that he asked the victim if the friend had given him "what he wanted" (referring to a gun) and that the victim did not answer but rather, "sit (sic) there a little while and jumped around" and that "when he jumped around, I just shot him, because . . . I have been shot before, and I wouldn't want to walk out the door and let him shoot first, because it is liable to be too late then." He also testified, "I just didn't want him to shoot me. If you had been shot like I have been, . . . you wouldn't want to take a chance on him shooting first." There was no testimony by any of the witnesses to the shooting that appellant was excited or that he appeared to be in a rage or in a state of terror, etc., at the time of the shooting. Likewise, appellant did not testify that he was in an excited state of mind, or that he was motivated by terror. Rather, his testimony was that he killed as a preventative measure.

Art. 1160, Vernon's Ann.P.C., provides:

"If any person shall assault another with intent to murder, he shall be confined in the penitentiary for not less than two (2) nor more than twenty-five (25) years, provided that if the jury finds that the assault was committed without malice, the penalty assessed shall

be not less than one nor more than three (3) years confinement in the penitentiary . . .

"Sec. 2. Upon the trial of any person for assault with intent to murder, the Court, in its charge to the jury, shall define malice aforethought and in a proper case murder without malice, and instruct the jury touching the application of the law to the facts."

Article 1257c, V.A.P.C., provides:

"In all cases tried under the provisions of this Act it shall be the duty of the Court, where the facts present the issue of murder without malice, to instruct the jury that murder without malice is a voluntary homicide committed without justification or excuse under the immediate influence of a sudden passion arising from an adequate cause, by which it is meant such cause as would commonly produce a degree of anger, rage, resentment, or terror in a person of ordinary temper sufficient to render the mind incapable of cool reflection, and in appropriate terms in the charge to apply the law to the facts as developed from the evidence."

After examining the record, we have concluded that there is simply no evidence that the shooting was committed "under the immediate influence of a sudden passion." The witnesses to the event did not so testify, and appellant's own testimony likewise indicates an assault committed as a preventative measure, and not as the result of a sudden passion.[1] The trial court is under no obligation to charge on the law of murder without malice unless the evidence raises the issue. Brown v. State, 475 S.W.2d 938 (Tex.Cr.App. 1971); Ortegon v. State, 459 S.W.2d 646 (Tex.Cr.App.1970); Guerra v. State, 145 Tex.Cr.R. 339, 168 S.W.2d 247 (1943).

In his brief, appellant contends that the issue of murder without malice was raised by his denial of intent to kill the victim. The absence of an intent to kill does not raise the issue of murder without malice, although it does raise the issue of whether the assault was merely an aggravated assault or a simple assault.[2] Hall v. State, 402 S.W.2d 752 (Tex.Cr.App.1966); cf. Gay v. State, 134 Tex.Cr.R. 356, 115 S.W.2d 929 (1938). Assault to murder without malice is an assault committed with an intent to kill, but done "under the immediate influence of a sudden passion," by reason of which the penalty is reduced. If the intent to kill is present, the fact that the assault was committed under the influence of passion reduces the punishment, but does not change the offense to aggravated assault. Gay v. State, supra. Likewise, an assault committed without an intent to kill cannot be an assault with intent to commit murder without malice. Hernandez v. State, 375 S.W.2d 285 (Tex.Cr.App.1963). Therefore, appellant's denial of an intent to kill did not raise the issue of assault with intent to murder without malice, and the court did not err in refusing to define murder without malice in the charge.

The judgment is affirmed.

ODOM, Judge (dissenting).

I dissent to the affirmance of this case for the reasons stated in my dissenting opinion in McGee v. State, Tex.Cr.App., 473 S.W.2d 11, at page 15.

I would reverse and remand.

ONION, P. J., joins in this dissent.

1. The court charged on self-defense.

2. No request was made that the court charge on aggravated assault, and appellant does not assign the absence of such a charge as error.