**Henry KALINEC, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46532.**

Court of Criminal Appeals of Texas.

Oct. 10, 1973.

Richard L. Petronella, Houston, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

JACKSON, Commissioner.

The conviction was for murder with malice by a jury on a plea of not guilty; the punishment, 40 years.

The record shows that appellant killed Jean Green by stabbing her with a butcher knife. After his indictment, appellant filed a motion to have a pre-trial determination of his sanity under Art. 46.02, Vernon's Ann.C.C.P., supported by the affidavit of his father. Such a hearing was held, the jury found him to be presently insane and that he required hospitalization. Accordingly, on April 16, 1971, the trial judge committed appellant to the Rusk State Hospital "until he becomes sane." On November 23, 1971, the Superintendent of the Rusk State Hospital certified to the trial judge that appellant was presently sane. On December 6, 1971, a hearing with the aid of a jury was held on the restoration of appellant's sanity, in which he was found to be presently sane.

■ Ground of error number one advanced by appellant is that the court erred in charging the jury in the restoration of sanity hearing when the jury was told:

"The. burden of proof is upon defendant to show by a preponderance of the evidence that he is now sane, and unless you believe from a preponderance of the evidence that the defendant is now sane, you will find him insane and so state in your verdict."

It is very plausibly argued that the burden of proof was thus misplaced. No objection to this charge was made.

It has been decided by this Court that no appeal lies from a judgment rendered in a preliminary trial on the issue of insanity, and any claimed error therein cannot be brought to us after trial and conviction of the offense charged. For this reason, we decline to discuss the contention made in ground of error number one, and overrule it. Peach v. State, Tex.Cr.App., 498 S.W. 2d 192, (1973); Schoier v. State, Tex.Cr. App., 480 S.W.2d 657; Rounsavall v. State, Tex.Cr.App., 480 S.W.2d 696; Martin v. State, Tex.Cr.App., 475 S.W.2d 265; Taylor v. State, Tex.Cr.App., 420 S.W.2d 601; Pena v. State, 167 Tex.Cr.R. 406, 320 S.W.2d 355; Ex parte Hodges, 166 Tex. Cr.R. 433, 314 S.W.2d 581.

■ For his second contention, appellant urges us to reverse because the court admitted in evidence at the trial on the merits four colored photographs, being the butcher knife with blood on it, two photographs of the prone body of deceased in the hallway where appellant stabbed her, showing blood, and one of the body of deceased on a table with her left breast exposed, showing where the stab wound was that resulted in her death. These photographs were fully authenticated by the testimony, and the facts shown thereby were detailed in evidence. This was a gruesome murder but the photographs did no more than show the facts. We overrule ground of error number two on the authority of Martin v. State, Tex.Cr.App., 475 S.W.2d 265; Lanham v. State, Tex.Cr.App., 474 S.W.2d 197; Foster v. State, Tex.Cr.App., 493 S.W.2d 812; Byrd v. State, Tex.Cr. App., 495 S.W.2d 226.

These photographs were not the result of an autopsy, as in Terry v. State, Tex.Cr. App., 491 S.W.2d 161.

The judgment is affirmed.

Opinion approved by the Court.