William Alton **HARRISON**, Appellant,

v.

**The STATE of Texas, Appellee.**

No. 46932.

Court of Criminal Appeals of Texas.

Nov. 28, 1973.

Warren Heagy, Odessa, for appellant.

Richard Countiss, Dist. Atty., Spearman, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

JACKSON, Commissioner.

The conviction was for murder with malice; the punishment, forty-five (45) years.

On the morning of September 15, 1971, the body of Carol Lynn Martin, clad in panties and bra, was discovered by a workman in a pasture some 25 to 35 feet from a farm-to-market highway near Borger. She was subsequently identified by a friend. On the night of her death she had been wearing a pink blouse, navy blue slacks, white shoes and a reddish blonde wig. Blood stained clothing matching that description was found on the roadway near her body. She had been stabbed and cut many times, shot and beaten. Much circumstantial evidence connected appellant and Frankie Wilbourn, recently released from the penitentiary, with the offense. The deceased was intoxicated and was on the highway to "hitch" a ride. She was forced into the automobile of Wilbourn by appellant with a pistol. She was frightened into yielding to sexual intercourse by both men, after which she was killed and her body left in a pasture near the highway. Appellant signed four statements, the first three of them placing the entire blame for the killing on Wilbourn, and then in his fourth statement he admitted furnishing the knife to Wilbourn with which he stabbed the woman, shooting at her and striking her once. The men had also been drinking heavily.

The sufficiency of the evidence is not challenged.

■ In his first ground of error, appellant urges us to reverse because the court admitted in evidence items of the bloody clothing of the deceased.

It is his contention that since he stipulated that the clothing was that worn by deceased at the time of her death, that the body was that of Carol Lynn Martin and that the autopsy was performed on her body, there was no disputed issue to which the clothing was relevant.

The burden of proof was upon the State to prove all the allegations in the indictment. All the facts of the case were relevant, to show the identity of the victim, the manner of the killing, and the atrociousness of the crime to enable the jury to determine punishment.

■ By the device of stipulations, the appellant could not deprive the State of the duty and the function of presenting to the jury all relevant evidence, nor avoid facing the full facts of the crime. Moss v. State, 135 Tex.Cr.R. 404, 120 S.W.2d 1054; Beard v. State, 146 Tex.Cr.R. 96, 171 S.W.2d 869; Pittman v. State, Tex.Cr.App., 434 S.W.2d 352; Stokes v. State, 162 Tex.Cr.R. 401, 286 S.W.2d 141.

We have held in approving the admissibility of photographs that if a verbal description is relevant, then a photograph of the same may be used before the jury. Martin v. State, Tex.Cr.App., 475 S.W.2d 265; Terry v. State, Tex.Cr.App., 491 S.W.2d 161; Foster v. State, Tex.Cr.App., 493 S.W.2d 812; Byrd v. State, Tex.Cr.App., 495 S.W.2d 226; Fields v. State, Tex.Cr.App., 500 S.W.2d 500 (10/24/73); Kalinec v. State, Tex.Cr.App., 500 S.W.2d 146 (1/10/73).

It could not be argued that it was not relevant for witnesses to recount the discovery of the body and the bloody clothing in the vicinity and to fully describe the same. By the same reasoning as was used to approve the use of photographs, the clothing itself would be relevant and admissible. Such clothing would aid the jury to know the whole facts of the case, and it was entitled to no less.

The first ground of error is overruled.

■ Next, he asserts that the court erred in admitting into evidence appellant's confession because the warning given by the officers failed to meet the *Miranda* requirements and the requirements of the Code of Criminal Procedure.

The printed form on which the confession was typed was an old form used before the enactment of Art. 38.22, Vernon's Ann.C.C.P. It did not recite that appellant was advised that he had the right to have a lawyer present to advise him prior to and

during any questioning, that he had the right to remain silent and to terminate the questioning at any time. See Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L. Ed.2d 694.

Appellant was arrested in connection with this case on October 5, 1971, at which time he was taken before a justice of the peace and fully advised of all his constitutional rights. He was again taken before a justice of the peace on October 6, 1971, and was again fully advised of his rights. On January 11, 1972, for the third time he was warned of all his constitutional rights by a justice of the peace. Twice before his confession, appellant was fully and correctly warned as required by law by peace officers. On January 14, 1972, appellant executed the confession admitting his participation in the murder. He dictated it to a secretary, then read and signed it. There was no claim of force or coercion. He had previously given other statements, claiming that Frankie Wilbourn killed the girl. With the advice of his attorney he had voluntarily agreed to take a polygraph test, and the confession in question followed that test. Prior thereto appellant had stated that he did not wish to have his lawyer present.

After a full hearing in the absence of the jury, the court entered its findings of fact and conclusions of law.

The record fully supports the order of the court.

The warnings given to appellant were in full compliance with Arts. 38.22 and 15.17, V.A.C.C.P., and *Miranda*, although all of such warnings were not shown on the face of the confession. If proper warnings are given, they are not required to be shown on the confession. Hassler v. State, Tex.Cr.App., 473 S.W.2d 513; Moore v. State, Tex.Cr.App., 462 S. W.2d 574; Cobbs v. State, Tex.Cr.App., 495 S.W.2d 900.

We overrule this ground of error.

The judgment is affirmed.

Opinion approved by the Court.