**Bernice MAYS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 48526.

Court of Criminal Appeals of Texas.

July 17, 1974.

Rehearing Denied Oct. 9, 1974.

Kenneth J. McLean, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, Stu Stewart, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for murder. Punishment was assessed by the jury at ten years.

Appellant's sole contention is that the court erred in failing to charge the jury on the law of murder without malice.

The record reflects that appellant timely presented her written objection to the court's charge complaining of the court's failure to instruct the jury on the law of murder without malice.

The State points to the fact that there is not a complete transcription of the court reporter's notes and that only the testimony of appellant is in the record before us. While it is true that this Court has held that the reviewing court cannot pass upon a complaint to a trial court's charge absent a complete transcription of the court reporter's notes,[1] this Court has also held that an accused's own testimony is sufficient to raise the issue of murder without malice. Lucky v. State, Tex.Cr.App., 495 S.W.2d 919; McGee v. State, Tex.Cr.App., 473 S.W.2d 11; Tebo v. State, 133 Tex.Cr.R. 61, 106 S.W.2d 712. The certificate of the court reporter reflects that "the foregoing 39 pages of typewritten material contains a true and correct transcript of all testimony adduced from the Defendant, Bernice Mays, in the trial of the cause shown in the caption hereof."

The testimony of appellant reflects that she and the deceased had been living together since September, 1971. According to appellant, December 25, 1972, was spent visiting two sisters and going to bars. Appellant and the deceased had argued throughout the day about appellant working as a cocktail waitress. Upon returning to their residence on Leilia Street in Houston that night, and after appellant dressed for bed "he [deceased] got up and started fighting me again, and then he knocked me down on the coffee table and broke up everything in the living room." Appellant then went to the bedroom and got into bed. Deceased was "laying on the bed with his face turned to the wall." Deceased "propped up on his left elbow" and had a gun in his right hand. Appellant had not seen the gun before and stated, "I got scared." Deceased said, "I am tired of your shit, it is either going to be me or you." According to appellant the "gun slipped" and "I just picked it up and started shooting."

Article 1257c, Vernon's Ann.P.C., provides as follows:

"In all cases tried under the provisions of this Act it shall be the duty of the Court, where the facts present the issue of murder without malice, to instruct the jury that murder without malice is a voluntary homicide committed without justification or excuse under the immediate influence of a sudden passion arising from an adequate cause, by which it is meant such cause as would commonly produce a degree of anger, rage, resentment, or terror in a person of ordinary temper sufficient to render the mind incapable of cool reflection, and in appropriate terms in the charge to apply the law to the facts as developed from the evidence."

■ The trial court is under no obligation to charge on the law of murder without malice unless the evidence raises the issue. Lucky v. State, supra; Barrientez v. State, Tex.Cr.App., 487 S.W.2d 97; Bryant v. State, Tex.Cr.App., 482 S.W.2d 270.

The statute only requires facts, sufficient to present the issue, that the killing occurred under the immediate influence of a sudden passion arising from an adequate cause.

The adequate cause in the statute is "such cause as would commonly produce a degree of anger, rage, resentment, or terror[2] in a person of ordinary temper

1. Sellars v. State, Tex.Cr.App., 401 S.W.2d 835; Neal v. State, Tex.Cr.App., 384 S.W.2d 715; Williams v. State, Tex.Cr.App., 397 S.W.2d 459.

2. In McGee v. State, supra (dissenting opinion), the following definitions from Webster's Dictionary appear in footnote 1:
"Anger is the general term for the emotional reaction of extreme displeasure and

sufficient to render the mind incapable of cool reflection."

We conclude that the testimony of the appellant supplies adequate cause to submit the charge on murder without malice and the failure to give such charge requires reversal.

If it be urged that the remainder of the testimony adduced at the trial may have rendered the error harmless, it should be noted that appellant's testimony, standing alone, was sufficient to raise the issue of murder without malice, and if the jury had resolved such issue in her favor, the maximum penalty appellant could have received would have been five years. Article 1257b, V.A.P.C.

We find no merit in the State's argument that appellant's written objection to the charge referred only to testimony "that she [appellant] was in a state of fear and terror due to the fact that she had been knocked over a coffee table and struck by the deceased," and failed to mention the incident in bed immediately preceding the shooting.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.

DOUGLAS, Judge (dissenting).

After the draft of the original opinion, it was called to the attention of the voting majority that the appellant's brief was not timely filed within thirty (30) days after approval of the record as required by Article 40.09, Section 9, Vernon's Ann. C.C.P. The record was approved by the trial court December 19, 1973, and notice of approval of the record was given appellant's retained counsel. The appellate brief was filed January 23, 1974. According to our previous holdings, the mat-

ter is not properly before us for review. The majority of the voting members of the Court choose to ignore this. When do we follow the rules passed by the Legislature and when are we to ignore them?

In its desire to change the rule that alleged errors in the court's charge will not be considered in the absence of a complete statement of facts or a proper bill of exception, the majority, without saying so, has to consider the question in the interest of justice under Article 40.09, Section 13, V.A.C.C.P. Nearly all practicing lawyers and judges know that sufficiency of the evidence is more important to the jury and to a defendant than the instructions. This Court has held that the sufficiency of the evidence cannot be considered unless it is properly briefed. White v. State, Tex.Cr.App., 487 S.W.2d 104. See also Barbee v. State, Tex.Cr.App., 432 S.W.2d 78. But the majority now holds that a charge on murder without malice is more important than the sufficiency of the evidence and reverses the conviction on the failure to give such a charge.

The objection to the charge was in substance as follows:

". . . [f]or the defendant testified that at the time of the shooting she was in a state of fear and terror due to the fact that she had been knocked over a coffee table and struck by the deceased that was sufficient adequate cause to defendant to be in a state of mind incapable of cool reflection. . . ."

The testimony of the appellant did not raise the issue of murder without malice. She testified that she was living with the deceased. She and the deceased had an argument at the Brewster Street Lounge about her working on Christmas Day. She further related that she calmed him down and later they went home. He fixed and brought her food upstairs. He ate

suggests neither a definite degree of intensity, nor an outward manifestation; rage implies loss of self-control from violence or emotion; resentment is a feeling of indig-

nant displeasure at something regarded as a wrong, insult, or injury; and terror is a state of intensive fear."

and then started fighting her again and knocked her down on the coffee table and broke up everything in the living room. Later she testified, "Me thinking everything was all right, I went into the bedroom."

"Q. What did he do?

"A. He went into the bedroom.

"* * *

"Q. Now, after Charles went into the bedroom then what did you do, what did you do some minutes later?

"A. I got in bed.

"* * *

"Q. And where was Charles?

"A. Laying on the bed with his face turned to the wall."

She further testified that after she got in bed he told her, "He was tired of my ————." Charles was in the bed with his face to the wall and that he then pushed up on his elbow facing her "a little bit" with a pistol in his hand. When she saw the gun she got scared and, "I don't know why the gun slipped, but when the gun slipped I just picked it up and started shooting" and pulled the trigger two times, and

"Q. You heard the man here when he testified the gun was up against him?

"A. Well, we were both in bed.

"Q. Up against Charles' tee shirt, do you know whether or not the gun was touching him?

"A. No, I don't know if it was touching him, but we were both in the bed.

"Q. Now, what position was Charles in if you know when you fired the first shot?

"A. He hollered 'Oh' and laid back down, like he was before, with his face turned to the wall."

She related that she fired the gun because she was scared, but she did not intend to kill him.

This evidence does not raise the issue of murder without malice. In McGee v. State, Tex.Cr.App., 473 S.W.2d 11, the accused argued with some people in a cafe where someone threatened to shoot him. He left there in a rage. Later he walked into an alley where he saw two young men who he thought bothered him earlier. One was the victim of the shooting. He stated that he heard McGee had jumped on his cousin and they argued. The deceased then told McGee that he was going to kick his rear. McGee testified that he fired because he was afraid that the two were going to attack him and that he did not know what he was doing and was afraid the deceased was fixing to shoot him.

This Court held that no charge on murder without malice was required. In that case and in the instant case the Court covered the issues raised by the evidence —self-defense. The McGee case was a stronger case for such a charge than this case. In the present case the appellant, after the fight, thought everything was all right and went to bed with the deceased. Is the majority overruling the McGee case and Bryant v. State, Tex.Cr.App., 482 S.W.2d 270? If so, it should be specifically done because the trial judges and lawyers look to our decisions for guidance.

The judgment should be affirmed.

MORRISON, J., joins in this dissent.