Leo John PROVOST and Larry Provost,
Appellants,

v.

The STATE of Texas, Appellee.

No. 48693.

Court of Criminal Appeals of Texas.

Oct. 9, 1974.

Daylee Wiggins, Beaumont, on appeal only, for appellants.

Tom Hanna, Dist. Atty., John R. De Witt, Asst. Dist. Atty., Beaumont and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

REYNOLDS, Commissioner.

Jointly indicted and tried, appellants were convicted of the offense of murder with malice. The punishment assessed by the jury was confinement for seven years for appellant Leo John Provost and confinement for two years for appellant Larry Provost.

The first three grounds of error are directed to the sufficiency of the evidence to sustain the convictions. The major premise is that thirteen year old Wanda Provost, the eye-witness who testified to the facts of the actual killing, was not a competent witness.

■ The competency of Wanda Provost is challenged on the basis that, prior to giving her testimony, she admitted in response to defense counsel's questions that she did not really understand the meaning of the oath. However, immediately following that colloquy, she stated that she knew the difference between telling the truth and a lie and she knew it was important that she tell the truth, that she could get in trouble for not telling the truth and that when she said she swore, she was making a promise to tell the truth.

Particularly applicable here are the principles declared in Fields v. State, 500 S. W.2d 500 (Tex.Cr.App.1973), in these words:

"The competency of a witness to testify is generally a question for determination by the trial court and its ruling in that regard will not be disturbed on appeal unless an abuse of discretion is shown . . . .

"Further, it is well established that even though a child states he does not know the meaning of an oath or what it means to swear, he may nevertheless be a competent witness if he knows it is wrong to lie and that he will be punished if he does so . . . .

"In determining, however, whether there has been an abuse of discretion, a review of the child's entire testimony, rather than the preliminary qualification, should be made in order to determine whether he was a competent witness."

A review of the entire testimony given by Wanda Provost reveals that it was clear and intelligently related to the transactions about which she was interrogated. The trial court did not abuse its discretion in permitting the witness to testify.

■ The evidence must, of course, be viewed from the viewpoint of the State. At about 10:30 p. m. on the night of the homicide, appellant Leo John Provost entered a Port Arthur lounge operated by his brother and sister-in-law, Wilfred and Bernice Provost, who were assisted by the deceased, Alfred Hypolite. Appellant, in an intoxicated condition and for no appar-

ent reason, attacked Wilfred. Pursuing Wilfred into another part of the lounge, appellant was finally restrained by Bernice and others. Appellant left the premises.

■ Approximately thirty minutes later, during which summoned policemen came and left, appellant Leo returned to the lounge accompanied by his brothers, appellant Larry, Wallace and Warren. The appellants, without any overt act on the part of the deceased, attacked the deceased. Appellant Larry grabbed the deceased and threw him to the floor; appellant Leo struck downward toward the deceased with something, described by the witness Wanda Provost as being a knife or a stick, protruding from his fist. Medical testimony established that the deceased died from a stab wound, consistent with one made by a knife, inflicted in his back.

Each appellant denied that he stabbed the deceased, and each stated that the deceased neither was thrown nor fell down. Appellant Larry said that, although he saw appellant Leo and the deceased fighting, he was not close to and never touched the deceased. For impeachment, the State produced testimony by Detective J. R. Smith, who stated that appellant Larry came to him the next morning and reported that appellant Leo could not have been the one who killed the deceased because appellant Leo was not even there at the scene.

The version given by appellant Leo was that he was beaten by a crowd on his first visit to the lounge and he returned with his brothers to see why he had been beaten. Arriving, he saw the deceased, who he thought was in the crowd that had beaten him. Approaching the deceased, he recalled "I said, 'Man, you was in the crowd with some others that beat me up,' and I said, 'I don't like that, man.' He told me, he said, 'You shouldn't have came here. You're not wanted around here.' I said, 'Man, this is no private place. So, he agitated me and made me upset, so I hit him and we started fighting."

Cross-examined, this appellant admitted that he really did not remember what took place the night of the homicide, and that his direct testimony was really just guessing from, and was put together to fit, what he had heard from the previous witnesses. On re-direct, he explained that he was attempting "to put it all together so that, you know, to better my condition, to help me."

The evidence is amply sufficient to support the convictions; the first three grounds are overruled.

The trial court refused to charge on the law of murder without malice. Referring to appellant Leo's testimony that he had no weapon and did not stab the deceased, and quoting his above reproduced conversation with the deceased, it is contended by the fourth ground that such refusal was error.

■ The court is under no obligation to charge on the law of murder without malice unless that issue is raised by the evidence. Lucky v. State, 495 S.W.2d 919 (Tex.Cr.App.1973). The issue may be raised by the testimony of the accused alone, Monroe v. State, 501 S.W.2d 639 (Tex.Cr.App.1973); and it is raised when the evidence shows facts that the killing occurred under the immediate influence of a sudden passion arising from an adequate cause, such as anger, rage, resentment or terror sufficient to render the mind of a person of ordinary temper incapable of cool reflection. Article 1257c, Vernon's Ann.P.C. However, in practically all of the cases where the charge has been required, there was evidence of immediate acts by the deceased that enraged the mind of the accused. McGee v. State, 473 S.W. 2d 11 (Tex.Cr.App.1971).

■ Some thirty minutes elapsed between the time appellant Leo left and returned to the lounge. Disregarding his admission that he really did not remember the events, his testimony is that when he returned and confronted the deceased, the deceased merely suggested that appellant

was not wanted and should not have returned. Although appellant said the deceased agitated and upset him, he did not testify to any act of the deceased that enraged him nor did he testify to any act which occurred at the time of the killing that constituted adequate cause from which a sudden passion might arise in a person of ordinary temper. Absent any testimony of cause, it is immaterial that appellant said he was agitated and upset, McGee v. State, supra, and under the evidence, the charge on murder without malice was not required. Lee v. State, 504 S.W.2d 504 (Tex.Cr.App.1974). The fourth ground is overruled.

■ Doctor Abed T. Arja, a defense witness who described the injuries received by appellant Leo, was called to the hospital emergency room to attend the deceased. By the time he arrived, the deceased was dead. The doctor made an incomplete examination, observed a wound in the deceased's back, and first testified that in his opinion the deceased was shot. After checking the notes made in his record by the nurse, the doctor, over defense objection, corrected his testimony to state that his record showed that the deceased's wound was a stab wound. Upon being shown on cross-examination a black and white photograph of the deceased depicting the wound and spots referred to as blood, the doctor stated that the wound appeared to be a stab wound. Over objection that the photograph offered no logical reference to any issue in the case, the photograph was admitted in evidence.

The admissibility of the photograph is the subject matter of the fifth ground. Appellants now contend that the photograph served no legitimate purpose and it was calculated to seriously inflame the minds of the jurors, tending to cause them to return a more onerous verdict.

The rule, discussed in Burns v. State, 388 S.W.2d 690 (Tex.Cr.App.1965), that gruesome photographs are not admissible unless they tend to solve a disputed fact issue was overruled in Martin v. State, 475 S.W.2d 265 (Tex.Cr.App.1972). The photograph was admissible as it corroborated the verbal description of the wound given by Doctor Arja and illustrated the nature and extent of the injury. Since the verbal description of the wound was admissible, so was the photograph of the wound admissible, Martin v. State, supra; Harrison v. State, 501 S.W.2d 668 (Tex.Cr.App. 1973); Kalinec v. State, 500 S.W.2d 146 (Tex.Cr.App.1973); Fields v. State, 500 S.W.2d 500 (Tex.Cr.App.1973); Byrd v. State, 495 S.W.2d 226 (Tex.Cr.App.1973); Foster v. State, 493 S.W.2d 812 (Tex.Cr. App.1973); Terry v. State, 491 S.W.2d 161 (Tex.Cr.App.1973). The fifth and last ground of error is overruled.

No reversible error being made manifest, the judgments are affirmed.

Opinion approved by the Court.

ODOM, Judge (dissenting).

I dissent on the ground that a charge on murder without malice was not submitted to the jury. The reasons are fully stated in my dissenting opinion in McGee v. State, Tex.Cr.App., 473 S.W.2d 11, at 15. Also see my dissent in Bryant v. State, Tex.Cr.App., 482 S.W.2d 270.

I would reverse and remand.

ONION, P. J., joins in this dissent.