MARVIN AUSTIN BOOKER V. STATE

No. 33,969.   December 13, 1961
Motion for Rehearing Overruled January 24, 1962

*Robert B. Billings* and *Neal De Shazo*, Dallas, for appellant.

*Henry Wade*, Criminal District Attorney, *William F. Tucker*, *Frank Watts*, *Jack Hampton*, *Phil Burleson*, Assistants District Attorney, Dallas, and *Leon Douglas*, State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for incest; the punishment, 2 years.

The statement of facts in the record is denominated a "Partial Statement of Facts" and shows that it does not contain all of the evidence adduced upon the trial.

There are no formal bills of exception.

The sufficiency of the evidence and the informal bills of exception, relating to the court's rulings on the admission of evidence, cannot be appraised without a complete statement of facts or other showing that the claimed errors were not waived or cured. See Tomlin v. State, Tex. Cr. App., 338 S.W. 2d 735 cited.

Likewise, in the absence of a complete statement of facts, we may not pass upon the questions relating to the court's charge. Bailey v. State, 342 S.W. 2d 338.

Appellant complains of the court's refusal to grant him fifteen peremptory challenges in selecting the jury in the case; it being contended that he was entitled to that number of challenges because the first count of the indictment charged the offense of rape, a capital offense. While appellant's complaint is not before this Court by a proper bill of exception, we observe from the record that prior to the examination of the jury panel, the first count in the indictment was dismissed by the court upon motion of the state and the trial proceeded upon the second count of the indictment for the offense of incest, a non-capital felony. Under such record the court did not err in refusing appellant fifteen peremptory challenges, but instead allowing him only ten. Hogue v. State, 155 Tex. Cr. R. 310, 234 S.W. 2d 687.

The judgment is affirmed.

Opinion approved by the Court.