**Foster L. NEAL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 37244.**

Court of Criminal Appeals of Texas.

Nov. 11, 1964.

Rehearing Denied Dec. 16, 1964.

Teague & Carlisle, by Marvin O. Teague, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, Cletus A. Davis and Ripley Woodard, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is for aggravated assault upon a child; the punishment, one hundred eighty days in jail.

The purported statement of facts found in the record contains the testimony of one witness, called by the state, but the agreement of counsel reflects that it does not include all the testimony adduced at the trial.

In the absence of a complete statement of facts containing all the evidence adduced upon the trial, we cannot pass upon appellant's complaint to the court's charge. Bailey v. State, 170 Tex.Cr.R. 448, 342 S.W.2d 338; Booker v. State, 171 Tex. Cr.R. 667, 352 S.W.2d 752.

We overrule appellant's contention that the information is fatally defective because it does not allege sufficient facts to constitute an offense under Art. 1147, Ver-

non's Ann.P.C., which defines aggravated assault by an adult male upon the person of a child, in the following language:

"(9) When committed by an adult male upon the person of a female or child or by an adult female upon the person of a child."

The information, omitting the formal parts, charges that:

"* * * on or about the 24th day of October, A.D. 1963, FOSTER L. NEAL then and there an adult male, did make an aggravated assault upon Karen Neal, a child."

Such allegation, being in the language of the statute, Art. 1147, supra, is sufficient to charge an offense. Turner v. State, Tex. Cr.App., 217 S.W.2d 413.

The judgment is affirmed.

Opinion approved by the Court.