Michael A. VIANELLO, Appellant,

v.

The STATE of Texas, State.

No. 2-81-042-CR.

Court of Appeals of Texas, Fort Worth.

Jan. 27, 1982.

Michael A. B. Vianello, pro se.

Tim Curry, Dist. Atty., and Chris Marshall, Asst. Dist. Atty., Fort Worth, for appellee.

Before HUGHES, JORDAN and RICHARD L. BROWN, JJ.

### OPINION

HUGHES, Justice.

The appellant, Michael A. Vianello, was fined $150.00 for violating a Fort Worth city ordinance which prohibits the maintaining of a dog kennel. Fort Worth, Tex.Code § 19–376 (1950).

We affirm the judgment of the trial court.

The complaint alleged that on the 19th day of October 1978 the appellant "did then and there unlawfully maintain a dog kennel at 3132 Lubbock Avenue, within three hundred (300) feet of a residence in said city, contrary to the ordinances of said city." The specific ordinance which appellant was charged with violating and which the appellant attacks as being void reads as follows:

"Any dog kennel within three hundred (300) feet of any residence in the city is hereby declared to be a nuisance and is hereby prohibited.

"As used herein, the term 'dog kennel' shall mean:

"(a) Any building, lot, yard, shed or other place on or in which four (4) or more dogs more than eight (8) weeks old are kept; or

"(b) Any building, lot, yard, shed or other place on or in which one or more dogs are housed or boarded for pay."

Fort Worth is a "home rule" city which has the power to define all nuisances and prohibit the same within the city and to enforce all ordinances necessary to protect health, life and property and to prevent and summarily abate and remove all nuisances. Tex.Rev.Civ.Stat.Ann. art. 1175 (1963); Fort Worth, Tex. Charter ch. 2, § 1 (1964).

Appellant contends that before a city can declare an activity to be a nuisance it must be shown to be a nuisance per se. There is authority to the effect that a city has no power to declare anything a nuisance which is not a one per se. *Ex Parte Robinson*, 30 Tex.App. 493, 17 S.W. 1057 (1891); *Crossman v. City of Galveston*, 112 Tex. 303, 247 S.W. 810 (1923). We hold that as defined under the ordinance, a dog kennel is a nuisance per se. The possibility of disease and pestilence is readily manifest. It is this possibility of disease and pestilence that additionally renders the ordinance valid as a reasonable exercise of the city's police power. The ordinance clearly has a reasonable basis and reasonably promotes the public safety and welfare. *John v. State*, 577 S.W.2d 483 (Tex.Cr.App.1979). We uphold the validity of the Fort Worth city ordinance and overrule the appellant's first ground of error.

The appellant's second, third and eleventh grounds of error relate to the trial court's alleged error in denying appellant's

motion to quash the complaint. More specifically, the appellant contends that the failure of the complaint to allege that the dog kennel was a nuisance and to specify which definition of "dog kennel" was being relied upon, rendered the complaint void because it was indefinite and failed to allege facts which, if true, would constitute an offense.

■ The term "dog kennel" has two definitions in the ordinance in question. The particular definition of "dog kennel" to be relied upon is not required for purposes of notice and plea in bar but is essentially evidentiary. Thus, the particular definition need not be alleged. *Thomas v. State*, 621 S.W.2d 158 (Tex.Cr.App.1980). The ordinance declares all such dog kennels to be a nuisance when they are within 300 feet of any residence in the city. The complaint alleges that the appellant maintained a dog kennel in violation of the ordinance. By necessary implication the allegations of the complaint include an allegation that the appellant's dog kennel was a nuisance. The appellant's contention that the complaint does not allege an offense is tenuous at best. The appellant was given the facts essential to notify him of the offense charged. *Thomas v. State, supra.* We overrule the second, third and eleventh grounds of error.

■ We have before us only a partial statement of facts and the record contains no formal bill of exceptions. Appellant's fourth, fifth, sixth and tenth grounds of error attack the charge to the jury. In the absence of a complete statement of facts, we may not pass upon the questions relating to the court's charge. *Booker v. State*, 171 Tex.Cr.R. 667, 352 S.W.2d 752 (1961). The same applies to the appellant's seventh and eighth grounds of error which pertain to the admissibility of evidence, *Slade v. State*, 400 S.W.2d 570 (Tex.Cr.App.1966), and the appellant's ninth ground of error which relates to the sufficiency of the evidence, *Herbort v. State*, 422 S.W.2d 456 (Tex.Cr.App.1967).

The judgment of the trial court is affirmed.