Virginia PRIEGO, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–81–00108–CR.

Court of Appeals of Texas,
El Paso.

May 25, 1983.

Opinion on Rehearing Aug. 17, 1983.

Michael L. Aaronson, Charles M. Mallin, El Paso, for appellant.

Steve Simmons, Dist. Atty., El Paso, for appellee.

STEPHEN F. PRESLAR, C.J., and WARD and SCHULTE, JJ.

## OPINION

WARD, Justice.

This is an appeal from a two-count conviction for injury to a child. On motion by the defense, a four-count indictment and an eleven-count indictment were consolidated for trial. Since the constituent counts of each indictment reflected alternative theories of the offense, only one conviction could obtain under each indictment. The various indictment counts and resulting charge counts are outlined on the accompanying chart. The jury convicted Appellant of Count 3 under Indictment 34980 (a third degree felony) and Count 2 of the charge relating to Indictment 34981 (also a third degree felony). The jury assessed punishment at three years confinement on each count. We reverse and remand as to In-

dictment No. 34981. We affirm the conviction in Indictment No. 34980.

Indictment 34980 dealt with burns received by the Appellant's daughter, Angelica Priego, by immersion in scalding water on September 6, 1979. The indictment alleged two counts of causation by act and by omitting a parental duty to obtain prompt medical attention. Indictment 34981 concerned the ultimate death of the child on June 23, 1980. Eleven alternative counts presented various combinations of mental culpability, degree of injury and nature of breach of parental duty.

■ Ground of Error No. One alleges that all of the indictment counts alleging omission of parental duty should have been quashed in response to pretrial defense motion. The alleged deficiency is the failure of those counts to specifically state that Appellant was the parent of the victim. *Ronk v. State,* 544 S.W.2d 123 (Tex.Cr.App. 1976), is the only applicable case law and does not address this error directly. *Ronk* states that successful prosecution under the omission provisions of Penal Code sec. 22.04 (Injury to a Child) necessitates a statutory duty on the part of a defendant to act. Such a duty does rest with a parent under Family Code secs. 11.01 and 12.04 (Vernon 1975). See also Penal Code sec. 6.01. The duty only exists between the parent and his or her child. The indictment counts consistently identify the victim as Angelica Priego, a child fourteen years of age or younger, and allege that Appellant Virginia Priego omitted provision of prompt medical treatment at a time when she was "a parent and had the legal duty to provide the said ANGELICA PRIEGO" with such care. Appellant contends that under this indictment, failing to expressly state a parental relationship to this victim, parenthood alone would permit conviction regardless of the relationship to the victim. The critical pleading requirement in omission cases is the identification of the nature of the duty the State is relying upon to sustain criminal liability. The indictment here satisfies that requirement. By Appellant's own analysis, the only parental duty existing under our laws is that between a parent and that parent's child. The indictment would have been sufficient if it had alleged the omission and expressly stated that Appellant was the parent of this child. Instead, it alleged omission, parenthood and duty to this child. Reasonably read as a whole, parenthood and duty to the particular child is equivalent to saying parent of that child. The ground of error is overruled.

■ Ground of Error No. Two is without merit. It alleges insufficient descriptive averments of the injuries sustained by the child. The degree of injury is sufficiently identified to define the categories of offense and ranges of punishment. The injuries themselves are not acts of the Appellant requiring greater specificity of pleading. *Gorman v. State,* 634 S.W.2d 681 (Tex.Cr.App.1982); *Thomas v. State,* 621 S.W.2d 158 (Tex.Cr.App.1981); *Ferguson v. State,* 622 S.W.2d 846 (Tex.Cr.App.1981); *Townsley v. State,* 538 S.W.2d 411 (Tex.Cr. App.1976); *Neal v. State,* 384 S.W.2d 715 (Tex.Cr.App.1964). Bodily injury and serious bodily injury are statutorily defined in Penal Code sec. 1.07(a)(7) and (34). Disfigurement and serious physical deficiency or impairment are readily susceptible to lay definition. Ground of Error No. Two is overruled.

■ Ground of Error No. Three challenges Counts 2, 3, 5 and 7 of Indictment 34981 (Counts 2 and 3 of the charge pertaining to that cause) for failure to plead the acts relied upon by the State as constituting recklessness or criminal negligence. Tex.Code Crim.Pro.Ann. art. 21.15. The contention is without merit. Each count indicates that Appellant omitted her parental duty to immediately seek or attempt to obtain proper medical treatment "after finding the said ANGELICA PRIEGO in need of immediate medical care." Further pleading as to how she became aware of the need or the seriousness of the need would be evidentiary pleading beyond the requirements of Article 21.15. The pleading is consistent with the constituent elements of recklessness and criminal negligence as set

out in Penal Code sec. 6.03(c) and (d). Ground of Error No. Three is overruled.

■ Ground of Error No. Four is groundless. Counts 2 and 3 of Indictment 34981 were joined disjunctively in a single count of the charge. They differed only in the alleged level of mental culpability. Under Penal Code sec. 22.04, they both carry the same categorization as third-degree felonies, with the same range of punishment. The disjunctive submission permits only one conviction. The procedure was proper. *Cowan v. State,* 562 S.W.2d 236 (Tex.Cr. App.1978); *Brantley v. State,* 522 S.W.2d 519 (Tex.Cr.App.1975). Ground of Error No. Four is overruled.

■ Ground of Error No. Five alleges error in failure to instruct the jury as to the time of death presumption under Article 38.32 of the Code of Criminal Procedure. The proper predicate of entry by the attending physician was not laid. The requested instruction was improperly phrased as a binding presumption. See Tex.Penal Code sec. 2.05(2). This was not a defensive issue necessary for submission since the time of death, as established in the death certificate, was at best a neutral fact in assessing Appellant's breach of duty. Ground of Error No. Five is overruled.

■ Ground of Error No. Six is sustained under *Cumbie v. State,* 578 S.W.2d 732 (Tex.Cr.App.1979). Count 2 of the charge relating to Indictment 34981 improperly expanded Appellant's liability beyond the pleadings. The indictment counts alleged that she omitted to immediately seek or attempt to obtain proper medical treatment. The charge held her liable for omitting to promptly obtain medical treatment. The difference is between effort and results. Immediate effort on her part would relieve her of liability under the indictment, but failure to obtain prompt results despite effort would still result in liability under the charge. The ground of error is sustained.

Ground of Error No. Seven complains of the court's failure to charge on a lesser included offense of reckless or criminally negligent omission, resulting in bodily injury, under Indictment 34980 (a class A misdemeanor). This was originally Count 4 of the indictment, which was dismissed for failure to allege the degree of injury. The only evidence of a reckless or criminally negligent state of mind related to the circumstances surrounding Appellant's placing the child in the water, which does not support the ground of error dealing with the charge of omission in seeking medical care. Consequently, the lesser included offense requested by Appellant is not supported by the evidence and was properly refused. Ground of Error No. Seven is overruled.

Ground of Error No. Eight is without merit. This was clearly a direct evidence case, particularly in light of Appellant's statement. No circumstantial evidence charge was necessary. Ground of Error No. Eight is overruled.

■ Grounds of Error Nos. Nine and Ten assert a failure of proof of parental duty and failure to charge the jury expressly on the issue of having a legal duty to provide medical care. The parental relationship was proven and the parental duty, under the Texas Family Code sec. 12.04, exists as a matter of law once the parental relationship is proven. The jury was required to find the parental relationship to be in effect at the time of injury. Thus, they were properly instructed. Grounds of Error Nos. Nine and Ten are overruled.

■ Grounds of Error Nos. Fourteen and Fifteen are repetitious of Grounds Ten and Eleven and are overruled.

Grounds Twelve and Thirteen address the admission of oral statements made by Appellant to Detective George Drennan two weeks after the child's death and the failure to charge the jury on voluntariness of the confession. The suppression hearing produced conflicting versions of the manner in which the confession was obtained. There was, however, evidence to support the trial court's conclusion that it was voluntarily given and admissible as an oral statement under Tex.Code Crim.Pro.Ann. art. 38.22, sec. 3(c) (Vernon 1974); *Kelly v. State,* 621

S.W.2d 176 (Tex.Cr.App.1981). The issue of voluntariness was submitted to the court alone and was not raised before the jury. Thus, no submission on voluntariness was required. Ground of Error No. Thirteen is overruled.

■ Grounds of Error Nos. Eleven and Sixteen challenge the indictment and the charge concerning an alleged exception to liability under Penal Code sec. 22.04. Penal Code sec. 2.02 requires the State, in its pleadings, to negate the existence of an exception to liability and prove beyond a reasonable doubt that the exception does not exist in the instant case. Appellant contends that since liability by omission to act necessitates a duty and the duty in this case derives from Family Code sec. 12.04, exceptions to that duty set out in the Family Code come within the requirements of Penal Code sec. 2.02. Family Code sec. 12.04 states that a parent has a duty to provide medical treatment for his or her child except where that parent has executed an affidavit of relinquishment or had their parental rights terminated by judicial order. No case law exists on this issue. There is liability only if the duty exists, and there is no duty if the Family Code exception applies. Under Texas Family Code sec. 11.01 (Vernon 1975), one is not a parent if voluntary relinquishment or judicial termination of the parental relationship has taken place. One may be mother or father without being a parent. Consequently, the State's allegation of parenthood implicitly pleads the negation of the exception. The sufficiency of the State's proof negating the exception is not raised on appeal, but we note that Appellant admitted her parental status and her custody of the child at the time the injuries occurred. Neither of these assertions would be correct if there had been a relinquishment or judicial termination of her parental rights and duties. Ground of Error No. Eleven is overruled.

The judgment is reversed as to Indictment 34981 and remanded for a new trial. The judgment is affirmed as to the conviction arising out of Indictment No. 34980.

| Indictment # | Count | Allegations | Charge | Verdict | |
|---|---|---|---|---|---|
| 34980 | 1 | Int. & Know. by act cause disfigurement by placing in hot water | 1 | N.G. | |
| | 2 | Reck. & Crim.Neg. by act cause disfigurement by placing in water hot enough for 2nd degree burns | 2 | N.G. | |
| | 3 | Int. & Know. by omission cause bodily injury by fail. to obtain prompt medical trtmt. as parent w/duty | 3 | Guilty | 3 yrs. |
| | 4 | Reck. & Crim.Neg. by omission cause bodily injury by fail. to obtain prompt medical trtmt. as parent w/duty | Dism'd | — — — | |
| 34981 | 1 | Int. & Know. by omission cause ser. bodily inj. fail to immed. seek or attempt to obtain med. trtmt. after finding inj. as parent w/duty | 1 | N.G. | |
| | 2 | Recklessly  ″  ″  ″  ″  ″  ″  ″  ) | )— — — — — 2 | Guilty | 3 yrs. |
| | 3 | Crim. Neg.  ″  ″  ″  ″  ″  ″  ″  ) | | | |
| | 4 | Int. or know.  ″  ″  bodily inj. ″  ″  ″ | Not Charged | — — — | |
| | 5 | Recklessly  ″  ″  ser. physical impairment  ) | )— — — — — 3 | Not reached | |
| | 7 | Crim. Neg.  ″  ″  ″  ″  ″  ″  ″  ) | | | |
| | 6 | Recklessly  ″  ″  ser. mental impairment | Not Charged | — — — | |

| Indictment #<br>Count | Allegations | | | | | | | Charge | Verdict |
|---|---|---|---|---|---|---|---|---|---|
| 8 | Crim. Neg. | " | " | " | " | " | " | " | Not Charged | --- |
| 9 | Int. or Know.<br>protect from phys. injury | " | " | bodily inj. by fail. to<br>" " " | " | " | " | " | ) | |
| 10 | Recklessly | " | " | " | " | " | " | " | )---- Quashed | |
| 11 | Crim. Neg. | " | " | " | " | " | " | " | ) | |

## OPINION ON MOTION FOR REHEARING

On original submission, this Court reversed and remanded for new trial that portion of the judgment arising out of the prosecution of indictment number 34981 (injury to a child) due to a variance between the allegation in the indictment and the charge to the jury. We affirmed the judgment as it related to conviction under indictment number 34980 (injury to a child) which had been consolidated with the other for trial.

Appellant's Ground of Error No. Seven alleged error in the court's refusal to charge the lesser included offense of reckless or criminally negligent omission of a parental duty to obtain or provide prompt medical treatment for the Appellant's child. This theory of liability had originally been pled by the State as Count Four of the indictment. It was quashed before trial due to failure to plead the degree of injury sustained by the child. Thus, the trial commenced with three allegations of liability: (1) intentional or knowing causation of disfigurement; (2) reckless or criminally negligent causation of disfigurement; (3) intentional or knowing omission of parental duty to provide medical care. At the close of the evidence, the defense requested that reckless or criminally negligent omission of duty be submitted to the jury as a lesser included offense of the third allegation described above. Tex.Penal Code Ann. sec. 22.04(a) and (c) (Vernon Supp.1982). The requested instruction was refused. The jury found Appellant not guilty as to the causation by act counts but guilty as to the one omission count.

Appellant's original brief offered support for the ground of error by reference to testimony concerning her state of mind at the time she placed her child in the scalding bath water. We overruled the ground of error, finding that this testimony related only to the active causation of the injury and not any failure to promptly obtain medical assistance. Our attention has now been directed to other portions of the record which cause us to conclude that the requested charge was supported by the evidence and should have been submitted for jury consideration.

The child was burned in the bath water at approximately midday on September 6, 1979. According to the Appellant's testimony, she removed the child from the water and observed some reddening of the skin. Later, a blister formed. She applied a home remedy of egg white and peroxide. The child went to sleep that afternoon. Appellant testified on direct and cross-examination that two factors led her to not take the child immediately to the hospital.

I thought that I could treat Angelica because we didn't have enough money and doctors is expensive. (R. III 630)

On cross-examination:

Q. I think you stated that one of the reasons you hadn't taken Angelica to the hospital, two reasons—first of all, you thought you could treat the burn and also, you didn't have much money.

A. Yes.

The next day the child would not eat and was vomiting. Appellant then took her to the emergency room of a local hospital.

In determining whether or not a lesser included offense should be submitted to the jury, the credibility of the evidence is not a factor. *Briceno v. State,* 580 S.W.2d 842 (Tex.Crim.App.1979). The determinative prerequisites are that the elements of the lesser offense be within the scope of the pleadings and be supported as an alternate theory of guilt by some evidence in the record. See: Tex.Code Crim.Pro.Ann. art. 37.09(3) (Vernon 1981). The inconsistencies in the Appellant's various explanations of her conduct, the variance between her versions and the physical evidence, and the initial false report to medical personnel as to the time the burn injury was sustained are matters of credibility to be evaluated by the jury. *Branham v. State,* 583 S.W.2d 782 (Tex.Crim.App.1979). If we were dealing with a failure to promptly obtain medical treatment which was based wholly or primarily on economic excuses, our result might well be different. The evidence as elicited by the defense and the State, however, revealed that economic consideration was only one factor. The other, more frequently repeated reason for delay was Appellant's alleged belief that the burn was not that serious and that she could take care of the injury herself. Her own testimony presented such a lesser culpable mental state, consonant with the requested charge. Emergency Room Nurse Rawls testified that when Appellant first brought the child in she stated that she thought the burn was not that bad and could relieve it with a home remedy (R. II 110). Pediatric Nurse Isaacs observed signs of the home remedy (R. II 123). Officer Ross Frankfort and Sergeant Paul Saucedo testified that Appellant thought the burn would go away and that the home remedy would suffice (R. II 127, 128, 137). This hearsay evidence was admissible for the truth of the matter stated since it revealed the declarant's state of mind at the time of the conduct in question. Dr. Charles Lyon, Director of the Sun Towers Hospital Burn Unit, testified that he had frequently seen burn patients who were ultimately brought to the hospital after unsuccessful use of home remedies. This evidence supports a separate interpretation of the Appellant's conduct consistent with the lesser mental states of recklessness or criminal negligence defined in Sections 6.03(c) and (d) of the Texas Penal Code. Consequently, we conclude that it was error to refuse the requested charge. Ground of Error No. Seven is now sustained.

The judgment is therefore reversed as to both causes, Indictment Nos. 34980 and 34981, and the causes are remanded for new trial.