Affirmed and Opinion filed June 6, 2002









Affirmed and Opinion filed June 6, 2002.

 

 

 

 

 

 

                                                                                                                                                            

 

In The

 

Fourteenth
Court of Appeals

____________

 

NO.  14-00-01410-CR

____________

 

THEOPHILUS DEBOER TARLTON,
Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

 



 

On
Appeal from the 230th District Court

Harris County, Texas

Trial
Court Cause No. 840,184

 



 

O
P I N I O N

Appellant,
Theophilus Deboer Tarlton, was convicted of illegally disposing of used
oil.  See Tex. Water Code Ann. ' 7.176 (Vernon 2000).  In seven issues, appellant asserts various
defects in both the indictment and the statute under which he was
convicted.  He also asserts the evidence
is insufficient to support his conviction. 
We affirm.

                                                      I.  Procedural Background 








Appellant was charged by separate indictments with three counts
of disposing of used oil and one count of disposing of hazardous waste.  Appellant waived his right to a jury and
pleaded not guilty.  At the conclusion of
the State=s case-in-chief, the court granted appellant=s
motion for directed verdict on two of the charges of used-oil dumping and the
hazardous-waste-disposal charge.  At the
close of evidence, the court found appellant guilty of illegally disposing of
used oil.  Following a hearing on
punishment, the court sentenced appellant to five years=
confinement and a $5,000 fine.  The court
then suspended the sentence and placed appellant on community supervision for
five years.

                                                                II.  The Statute








We
begin by examining the relevant criminal statute.  Appellant was charged with committing an
offense under section 7.176 of the Texas Water Code, AViolations
Relating to Handling of Used Oil.@  Tex. Water Code Ann. ' 7.176.[1]  Section 7.176(a)(2)
provides that a person commits an offense if the person either (a) Aknowingly
mixes or commingles used oil with solid waste that is to be disposed of in
landfills@ or (b) Aknowingly . . . directly disposes of used oil on land or in
landfills.@  Id. '
7.176(a)(2). 
However, subsection (a)(2) further provides that an offense is not
committed if Athe mixing or commingling of used oil with solid waste that is
to be disposed of in landfills is incident to and the unavoidable result of the
mechanical shredding of motor vehicles, appliances, or other items of scrap,
used, or obsolete metals.@  Id.

The
statute then provides two Aexceptions@ to its application.  The
first exception states that section 7.176 does not apply if a person Aunknowingly
disposes into the environment any used oil that has not been properly
segregated or separated by the generator from other solid wastes.@  Id. ' 7.176(b).  The second
exception provides that subsection (a)(2) does not
apply if Athe mixing or commingling of used oil with solid waste that is
to be disposed of in landfills is incident to and the unavoidable result of the
mechanical shredding of motor vehicles, appliances, or other items of scrap,
used, or obsolete metals.@  Id. '
7.176(c).

                                                           III.  The Indictment

In
this case, the indictment alleged that on or about February 17, 1999, appellant
Adid
then and there unlawfully, knowingly dispose of used oil on land located near
8215 Braniff.@ Appellant claims that the trial court erred in denying his
motion to set aside this indictment on grounds that (1) the indictment failed
to negate the exceptions in the statute on which the indictment was based, (2)
the indictment failed to give appellant adequate notice to prepare his defense,
(3) the indictment failed to give appellant adequate information to plead the judgment
in bar to any subsequent prosecution, (4) the underlying statute is
unconstitutionally vague because it fails to give notice of the conduct that is
prohibited, (5) the underlying statute is unconstitutionally vague because it
allows unbridled discretion in the enforcement of the statute, and (6) the
underlying statute denies equal protection of the law by discriminating in its
punishment provisions.








We
review the  trial
court=s
ruling on a motion to set aside the indictment for an abuse of discretion.  Thomas v.  State, 621 S.W.2d 158, 163 (Tex.  Crim. App. 1981) (op. on reh=g);
State v. Goldsberry, 14 S.W.3d 770, 772 (Tex. App.CHouston
[1st Dist.] 2000, pet. ref=d).  A trial court abuses
its discretion if it acts without reference to guiding rules and principles, or
acts arbitrarily or unreasonably.  Lyles v. State, 850 S.W.2d 497, 502 (Tex. Crim. App. 1993).

                                                   A.  Exceptions to the Statute

In
his first issue, appellant contends that the trial court erred in denying his
motion to set aside the indictment because it fails to negate the two
exceptions set forth in the statute.  The
State must negate the existence of any exception to an offense in the
indictment.  Tex. Pen. Code Ann. ' 2.02(b) (Vernon 1994).  The negation of an exception to an offense
constitutes an element of the offense.  Id.
'
1.07(a)(22); Tobias v. State, 884 S.W.2d 571,
578 (Tex. App.CFort Worth 1994, pet. ref=d).  However, the State
need not expressly negate an exception in the indictment; it may do so
implicitly.  See Kohler v.
State, 713 S.W.2d 141, 144 (Tex. App.CCorpus
Christi 1986, pet. ref=d); Priego v. State, 658 S.W.2d 655, 659 (Tex.
App.CEl
Paso 1983, no pet.) (both holding that the State=s
use of the term Aparent@ in an indictment to describe the defendant=s
relationship to a child implicitly negated an exception to liability for
individuals who relinquished their parental rights or had them terminated by a
judicial order).

Here,
we find the indictment implicitly negated both exceptions set forth in section
7.176.  By alleging in the indictment
that appellant acted Aknowingly,@ the State negated the first exception, which states the
statute does not apply to one who Aunknowingly disposes@
of certain products into the environment. 
Tex. Water Code Ann. '
7.176(b) (emphasis added).  The
indictment also alleged that appellant disposed of used oil Aon
land.@  Thus, the State implicitly negated the second
exception, which provides that section 7.176(a)(2)
does not apply if Athe mixing or commingling of used oil with solid waste that is
to be disposed of in landfills is incident to and the unavoidable result
of the mechanical shredding of motor vehicles, appliances, or other items of
scrap, used, or obsolete metals.@ See id. ' 7.176(c) (emphasis added).








Furthermore,
the State was not required to negate the second exception because it did not
apply to the offense with which appellant was charged.  Although section 7.176(c) states that it
applies to subsection (a)(2), that subsection prohibits two distinct types of
conduct: (a) mixing or commingling used oil with solid waste that is to be
disposed of in landfills and (b) directly disposing of used oil on land or in
landfills.  By its plain language,
section 7.176(c) applies only to offenses arising from the Amixing
or commingling of used oil with solid waste that is to be disposed of in
landfills.@  Id.  The State did not charge appellant with an
offense based on such Amixing or commingling.@  Rather, the State
charged appellant with the offense of directly disposing of used oil on land.

Appellant
contends the second exception applies to his charged offense because the term Aon
land@
encompasses the term Ain landfills.@  We disagree.  Neither Aland@ nor Alandfill@ is defined in the Texas Water Code.  Undefined words in statutes are given their
plain meaning unless the statute clearly shows that they were used in another
sense.  Daniels v. State, 754
S.W.2d 214, 219 (Tex. Crim. App. 1988); Weyandt v. State, 35 S.W.3d 144,
155 (Tex. App.CHouston [14th Dist.] 2000, no pet.).  Statutory words are to be read in context and
construed according to the rules of grammar and common usage.  Weyandt, 35 S.W.3d
at 155.

The
plain meaning of Aland@ is Athe solid part of the surface of the earth.@  Webster=s Third New International Dictionary 1268
(1993).  A Alandfill@
is defined as Adisposal of trash and garbage by burying it under layers of
earth in low ground.@  Id.  Disposal of waste Ain
landfills@ describes a specific method of waste disposal that is distinct
from direct disposal Aon land.@  Furthermore, under
appellant=s construction of the statute, it would have been redundant for
the Legislature to refer to conduct occurring either Aon
land or in landfills.@  Tex. Water Code Ann. ' 7.176(a)(2) (emphasis added).  If at all possible, we construe a statute in
a way that gives effect to all its parts, so that no part is construed as void
or redundant.  Badgett
v. State, 42 S.W.3d 136, 139 (Tex. Crim. App. 2001).  Appellant=s first issue is overruled.








                                B.  Sufficiency of the Language in the Indictment


Appellant=s
third and fourth issues address the sufficiency of the language in the
indictment.  In his third issue,
appellant claims the indictment failed to give him adequate notice to prepare
his defense.  In his fourth issue,
appellant claims the indictment failed to give him adequate information to
plead the judgment in bar to any subsequent prosecution for the same
offense.  In support of both of these
issues, appellant contends the indictment (1) gave insufficient notice of the
particular statutory provision under which he was being charged and (2)
contained an inadequate description of the method of appellant=s
alleged disposal of used oil.  

An
indictment is deemed sufficient if it Acharges the commission of the offense in ordinary and concise
language in such a manner as to enable a person of common understanding to know
what is meant, and with that degree of certainty that will give the defendant
notice of the particular offense with which he is charged.@  Tex. Code Crim. Proc. Ann. art.
21.11 (Vernon 1989). 
The indictment must give a defendant sufficient notice to prepare a
defense, and it must be sufficiently certain to enable a defendant to plead the
judgment in bar.  State
v. Mays, 967 S.W.2d 404, 406 (Tex. Crim. App. 1998).  A motion to quash should be granted when the
language in the charging instrument concerning the defendant=s
conduct is so vague or indefinite that it denies the defendant effective notice
of the acts he allegedly committed.  Daniels,
754 S.W.2d at 217.








Appellant
first claims the offense was not set forth in plain and intelligible words
sufficient to inform him which portion of section 7.176 he was charged with
violating.  Because the indictment in
this case alleged that appellant Aknowingly dispose[d] of used oil on land,@
the language of the indictment essentially tracked the language of section
7.176(a)(2). 
Subject to rare exceptions, an indictment which tracks the statutory
language of an offense is sufficient to provide the accused with notice of the
charged offense.  Mays, 967 S.W.2d at 406; Daniels, 754 S.W.2d at 218.  Subsection (a)(2) is
the only provision of section 7.176 that deals directly with the disposal of
used oil Aon land.@  Therefore, we conclude
the indictment gave appellant sufficient notice that he was being charged with
violating that particular subsection.

Appellant
also claims that the indictment inadequately described the alleged method of
used-oil disposal.  Merely tracking the
language of the statute may be insufficient if the statutory language is not
sufficiently descriptive.  See Daniels,
754 S.W.2d at 218. 
Specifically, appellant contends that section 7.176(a)(3)
prohibits several methods of disposing of used oil and the State did not allege
which portion of subsection (a)(3) he allegedly violated.[2]  See Mays, 967 S.W.2d at 407 (A[W]hen
a statute defines the manner or means of commission in several alternative
ways, an indictment will fail for lack of specificity if it neglects to
identify which of the statutory means it addresses.@).  However, as the State notes, appellant was
not charged with violating section 7.176(a)(3).  Rather, the indictment charged appellant with
disposing of used oil Aon land,@ which is prohibited under section 7.176(a)(2).  Therefore, the indictment used sufficient
language to apprise appellant of the act he allegedly committed.  We overrule appellant=s
third and fourth issues.

                                              C.  Constitutionality of the Statute 

Appellant=s
fifth, sixth, and seventh issues attack the constitutionality of section 7.176
of the Texas Water Code.  We begin with
the presumption the statute is valid and the Legislature has not acted
unreasonably or arbitrarily in enacting the statute.  Weyandt, 35 S.W.3d
at 154-55.  The burden is on the
party challenging the statute to establish its unconstitutionality.  Id. at 155.  This court has a duty to uphold the statute
if a reasonable construction can be ascertained that will render it
constitutional and carry out the legislative intent.  Id.

                                                              








                                                    1.  Vagueness

In
his fifth and sixth issues, appellant asserts that the trial court should have
set aside the indictment because section 7.176 is unconstitutionally
vague.  Appellant complains that the
statute (1) fails to give sufficient notice of the conduct that is prohibited
and (2) provides law enforcement officers unbridled discretion in enforcing the
statute.

All
criminal laws must give reasonably clear notice, to the public and to law
enforcement officials, of what behavior is being criminalized.  Fogo v. State, 830
S.W.2d 592, 595 (Tex. Crim. App. 1992). 
A statute is unconstitutionally vague if it fails to give individuals of
common intelligence a reasonable opportunity to know what conduct is prohibited
or if it fails to establish determinate guidelines for enforcing the
statute.  See Margraves v.
State, 34 S.W.3d 912, 920 (Tex. Crim. App. 2000).

The
gist of appellant=s argument is that section 7.167 is unconstitutionally vague
because the term Aused oil@ is not defined.  He
complains it is unclear at what point oil becomes Aused
oil@
so to constitute a violation of the statute: whether it is used, for example,
after first being placed in an automobile, after 100 miles of use, or after
3,000 miles of use.  However, a statute
is not unconstitutionally vague merely because the words or terms used are not
specifically defined.  Engelking
v. State, 750 S.W.2d 213, 215 (Tex. Crim. App. 1988).  A statutory provision need not be cast in
terms that are mathematically precise;  it need only give fair warning of the
conduct proscribed and provide guidelines for law enforcement.  Weyandt, 35 S.W.3d
at 155.

As
previously discussed, undefined words are ordinarily given their plain meaning
unless the statute clearly shows that they were used in some other sense.  Daniels, 754 S.W.2d
at 219.  AUsed@
is defined as Aemployed in accomplishing something.@  Webster=s Third New International Dictionary 2524.  The statute=s
prohibition against disposal of Aused@ oil is clear both to persons of ordinary intelligence and to
law enforcement officers.  Quite simply,
oil has either been Aused@ or it has not.








Finally,
appellant contends that the statute would penalize one who has a leaking engine
or changes his own oil and dumps the used oil in the backyard or in a
landfill.  However, in addressing a challenge
to the constitutionality of a statute, we need only determine whether the
statute is unconstitutional as applied to appellant=s
conduct, not some hypothetical defendant. 
See Bynum v. State, 767 S.W.2d 769, 774
(Tex. Crim. App. 1989).  Accordingly, we
overrule appellant=s fifth and sixth issues.

                                                2.  Equal Protection

Appellant
asserts in his seventh issue that section 7.176 is unconstitutional because it
violates the equal protection clauses of the United States and Texas
Constitutions.  See U.S. Const. amend.
XIV; Tex. Const. art. I, ' 3.  Appellant contends the statute treats
individuals differently than corporations because individuals are subject to
imprisonment in addition to fines for violations, whereas corporations are
subject only to fines.[3]

If
a statutory classification does not interfere with a fundamental right or
discriminate against a suspect class, it need only be rationally related to a
legitimate governmental purpose to survive an equal protection challenge.  Cannady v. State, 11 S.W.3d 205, 215
(Tex. Crim. App.), cert. denied, 531 U.S. 850, 121 S. Ct. 125
(2000).  Those attacking the rationality
of a legislative classification have the burden to negate every conceivable
basis that might support it.  Anderer
v. State, 47 S.W.3d 60, 66 (Tex. App.CHouston
[14th Dist.] 2001, pet. ref=d).  We apply a highly
deferential standard of review to equal protection claims of this nature.  Id. 
This standard is extremely respectful of legislative determinations and
essentially means that a court will not invalidate a statute unless the statute
draws distinctions that simply make no sense.  Id.








Applying
the rational-basis test to this statute, we find that the statute does not
violate equal protection.  The Texas
Court of Criminal Appeals considered and rejected appellant=s
argument in Ex parte Walsh, 59 Tex. Crim. 409, 129 S.W. 118 (1910).  In Walsh, the court held that a
statute imposing a different punishment for individuals than for corporations
did not violate equal protection because a corporation cannot be
imprisoned.  Id.
at 123.  By imposing a standard of
punishment for corporations, the statutes at issue here ensure that
corporations, in addition to individuals, can be punished for violations of
section 7.176, albeit in the only manner possible for corporations. Thus, there
is a rational basis for the distinction between corporations and individuals.  We overrule appellant=s
seventh issue.

                                     IV.  Sufficiency of the
Evidence

Finally,
in his second issue, appellant argues that the evidence was insufficient to
prove that his conduct did not fall within the exceptions set forth in section
7.176.  See Tex.  Pen. Code Ann. ' 2.02(b) (providing the State must prove beyond a reasonable
doubt that a defendant=s conduct does not fall within an exception to the
offense).  In evaluating the legal
sufficiency of the evidence,[4]
we view the evidence in the light most favorable to the verdict and determine
whether any rational trier of fact could have found the essential elements of
the offense beyond a reasonable doubt.  King
v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000) (citing Jackson v.
Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2788-89 (1979)).  








Appellant
contends the State failed to prove beyond a reasonable doubt that appellant=s
actions fell outside the first exception because there was no proof that he did
not unknowingly dispose into the environment any used oil that had not been
properly segregated or separated from other solid waste.  See Tex.
Water Code Ann. ' 7.176(b).  However, we find that the evidence was
legally sufficient to prove that appellant Aknowingly@ disposed of used oil, thus disproving the first
exception.  Gracie Lopez, a City of
Houston inspector, testified that she found barrels and numerous vehicles on
appellant=s property in November of 1998. 
Lopez testified she informed appellant soon after that the vehicles and
barrels had to be removed.  Appellant
indicated to her that he would comply.  When Lopez returned to the property in
October of 1999, the vehicles were gone, but the barrels remained.  A dark liquid was seeping from the barrels onto
the ground.  Appellant told Lopez that
the substance on the ground was Aautomotive fluids@ from the vehicles that were present earlier.  Appellant again told Lopez that he would
remove the barrels.  A rational trier of
fact could have found beyond a reasonable doubt that appellant did not
unknowingly dispose of used oil that was mixed with other solid waste. 

Appellant
further contends that the State did not prove beyond a reasonable doubt that
appellant=s actions fell outside the second exception because there was
no proof that appellant=s disposal of used oil was not a result of the mixing or
commingling of used oil with solid waste that was to be disposed of in
landfills and that was incident to and the unavoidable result of the mechanical
shredding of motor vehicles, appliances, or other items of scrap, used, or
obsolete metals.  See Tex. Water Code Ann. ' 7.176(c).  As previously discussed, this exception,
relating to the mixing or commingling of used oil with solid waste, does not
apply to the offense with which appellant was charged.  Nevertheless, we find that the evidence was
legally sufficient to prove that appellant disposed of used oil on land, not in
a landfill, thus disproving the second exception.








On
February 6, 1999, Officer Rafael Nino of the Houston Police Department found
two 55-gallon drums on a road near appellant=s premises.  He observed
oil spilling onto the road and the land on the side of the road from the drums.  Steven Brown, who owned the property next to
the road where the barrels were found, testified that some of the substance was
on his land.  Jonathan Ponter, an
employee of an environmental management company, testified that this
neighboring property was not a permitted landfill or landfill area.  An oil trail from the drums led to the
residence where Inspector Lopez had spoken to appellant.  There, officers found several other drums, as
well as puddles of standing oil on the ground. 
Several of the drums had been punctured, and officers found a Apick
tool@
on the property whose shape matched the holes in the drums.  Therefore, a rational trier of fact could
have found beyond a reasonable doubt that appellant disposed of used oil,
without mixing or commingling it with solid waste, on land and not in a
landfill.  Appellant=s
second issue is overruled.

We
affirm the trial court=s judgment.

 

 

/s/        Leslie
Brock Yates

Justice

 

 

 

 

 

 

Judgment rendered and Opinion filed June
6, 2002.

Panel consists of Justices Yates, Edelman,
and Draughn.[5]

Publish C Tex.  R. 
App.  P.  47.3(b).

 











[1]  The relevant
portion of section 7.176 reads as follows:

 

(a)               
A person commits an offense if the person:

. . .

(2)              
knowingly mixes or commingles used oil with solid waste
that is to be disposed of in landfills or directly disposes of used oil on land
or in landfills, unless the mixing or commingling of used oil with solid waste
that is to be disposed of in landfills is incident to and the unavoidable
result of the mechanical shredding of motor vehicles, appliances, or other
items of scrap, used, or obsolete metals;

(3)              
knowingly transports, treats, stores, disposes of,
recycles, causes to be transported, or otherwise handles any used oil within
the state:

(A)             
in violation of standards or rules for the management
of used oil; or

(B)             
without first complying with the registration
requirements of Chapter 371, Health and Safety Code, and rules adopted under
that chapter;

(b)              
It is an exception to the application of this section
that a person unknowingly disposes into the environment any used oil that has
not been properly segregated or separated by the generator from other solid
wastes.

(c)               
It is an exception to the application of Subsection
(a)(2) that the mixing or commingling of used oil with solid waste that is to
be disposed of in landfills is incident to and the unavoidable result of the
mechanical shredding of motor vehicles, appliances, or other items of scrap,
used, or obsolete metals.





[2]  Under section
7.176(a)(3), it is an offense to knowingly dispose of used oil within Texas A(A) in violation of standards or rules for the
management of used oil; or (B) without first complying with the registration
requirements of Chapter 371, Health and Safety Code . . . .@  Tex. Water Code Ann. ' 7.176(a)(3).





[3]  We note that
section 7.176 itself makes no distinction between
corporations and individuals.  See
Tex. Water Code Ann. ' 7.176(d) (providing that an offense under section
7.176 is punishable by a fine, imprisonment, or both).  Section 12.51 of the Texas Penal Code,
however, provides that if a corporation is adjudged guilty of an offense
punishable by imprisonment, the court may instead impose a fine as set forth in
that statute.  Tex. Pen. Code Ann. ' 12.51(b) (Vernon 1994).  Accordingly, we will treat appellant=s equal protection challenge as an attack on section
12.51 of the Texas Penal Code as applied to a violation of section 7.176 of the
Texas Water Code.





[4]  Appellant does
not specify whether his challenge is a legal or factual sufficiency challenge.
However, because he cites the standard of review for legal sufficiency, we
consider only whether the evidence is legally sufficient.





[5]  Senior Justice Joe L. Draughn sitting by assignment.